## CHEEK ET AL. vs. PUGH.

In a suit upon the bond given by the defendant in an attachment, to obtain a return of the property attached, it appeared that the judgment in the original action was rendered against the sureties in the bond, who were not parties, as well as against the defendant in attachment: *Held*, That the judgment was a mere nullity as to the sureties; but that it was not void as to the defendant.

*Appeal from the Circuit Court of Crittenden County.*

Hon. GEORGE W. BEAZLEY Circuit Judge.

WATKINS & GALLAGHER, for the appellants, contended that a judgment is an entirety, and if void in part, it is void in whole,

and that no averment can cure it—as that it was a clerical mistake in entering the judgment.

CUMMINS & GARLAND, for the appellee.

The entry of the original judgment against the sureties was a clerical misprision which may be corrected at any time, (13 *Wend.* 35; 2 *Wallace, jr.* 569; 18 *Miss.* 432,) and unless the bill of exceptions shows it not to have been corrected, this Court will presume it was. (16 *Ark.* 646; 2 *Eng.* 122; 4 *Dev. & Batt.* 306.)

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

This was an action of debt brought by Henry R. Pugh against Elijah Cheek, George W. Cheek, Gideon G. McGehee and James Gatlin, in the Crittenden Circuit Court.

The action was founded on an attachment replevin bond, executed (under *sec.* 13, *chap.* 17, *p.* 175 *Dig.*,) by one Southall as principal, and the defendants as securities, to procure the release of property attached by the sheriff in an attachment suit brought by the plaintiff, Pugh, against Southall, in the Crittenden Circuit Court.

The declaration set out the bond, which is conditioned as provided by the statute, and, by way of special breach, alleges in substance:

That after the execution and return of the bond, etc., and while the attachment suit was pending, the death of Southall was suggested, and the cause revived against his administrator, (Garrett,) etc. That afterwards, etc., the plaintiff, by the consideration and judgment of said Court, recovered against Garrett, as such administrator, the sum of etc., etc. That the judgment was erroneous in this, that by misprision of the clerk, in entering up the same, it appears to have been rendered against the defendants in this suit, (who were the sureties in the replevin bond,) and which plaintiff admits to be void as a recovery against them in said cause, etc. Then follows the usual averment of the non-payment of the bond.

The defendants demurred to the declaration, which being overruled, they craved oyer of the bond sued on and pleaded:

1. Payment.

2. Nul tiel record of the alleged judgment in the attachment suit.

3. No such writ of attachment was ever issued.

4. Nul tiel record of the alleged suggestion of the death of Southall, and the revival of the attachment suit against his administrator.

To the 1st, 2d and 4th pleas, the plaintiff interposed replications in the usual form. To the 3d plea, he replied, that the defendants had admitted the issuance of the writ of attachment by the recitals of the bond, and were estopped to deny it. Issues were taken to all the replications, and, by consent of parties, all the issues were submitted to the Court, and finding and judgment in favor of the plaintiff. The defendants moved for a new trial, which the Court refused, and they excepted and appealed.

The evidence introduced upon the trial sustains the finding of the Court upon all the issues.

It is insisted by the counsel for the appellants that the judgment against them in the attachment suit being void as to them, was void also as to Southall. That it was a mere nullity as to them, there can be no doubt. They were not parties to the action. Pugh was the plaintiff, and Southall the defendant in the attachment suit. His property was seized under the writ, and in order to release it, he executed the bond sued on in this case, with the appellants as sureties. When judgment was finally rendered against his administrator, it was also, without authority of law, and perhaps by mistake of the clerk, rendered against the appellants, as securities in the replevin bond. There was no proceeding before the Court upon which the judgment against them could be based. But the judgment was not void as to the administrator of Southall, who was the only defendant in the suit. See *Rheubottom et al. vs. Sadler ex.,* decided at the present term.

The judgment is affirmed.

Mr. Justice HANLY did not sit in this case.