| TERM, 1871.] | Miller v. Neiman and wife. | |
|---|---|---|

---

### MILLER v. NEIMAN AND WIFE.

CLOUD UPON TITLE—*To remove, what bill must allege.*—A party, when asking for equitable relief in removing clouds from his title, must be in actual possession of the lands, or they must be unoccupied or not in the actual possession of another; otherwise his remedy is complete at law.

### APPEAL FROM DREW CIRCUIT COURT.

HON. HENRY B. MORSE, *Circuit Judge.*

*Garland & Nash,* for Appellant.
*English & English,* for Appellee.

BENNETT, J.—This was a bill, in chancery, brought by Miller against Neiman and wife, in the Drew Circuit Court, to quiet title to lands. The cause was heard on the bill, answer and agreed statement of facts; the bill was dismissed for the want of equity, and Miller appealed to this court.

Miller was a non-resident and never in actual possession of the lands. They were sold by the collector of Drew county, on the 31st of May, 1867, for taxes of 1866, and purchased by German C. Berry.

The only evidence adduced on the hearing, as appears by the transcript, was an agreed statement of facts, which statement affords no proof whatever as to which party was in

actual possession of the land at the time of bringing the bill. If it is clearly shown that the defendant was in actual possession of the land, the plaintiff has an adequate and complete remedy at law. The bill does not allege that fact, but on the contrary does say, "that said lands are wild and unimproved and have never been held in actual possession by any one * * * * but that he had constructive possession of the same."

The answer of the defendant states that, after the sale and purchase of the lands, as mentioned in the bill, "the said German C. Berry took possession of them and exercised ownership over them and paid taxes on the same up to the time of his death, and that the said Stephen Berry, after the death of the said German C. Berry, took possession of said lands and held them up to the time of his death, after which defendants have held and possessed said lands, and still hold and possess them," in actual possession, and positively denies that the plaintiff has any right, claim, title, or possession in or to said lands.

A party, when asking for equitable relief in removing clouds from his title, must be in actual possession of the lands, or they must be unoccupied, or not in the actual possession of others; otherwise his remedy is complete at law.

In the case before us, the complainant alleges these lands are "wild and unoccupied," but the defendant positively denies that fact and puts the "*onus probandi*, upon the complainant to prove this allegation, which has not been done. Consequently the court below did not err in dismissing the bill.