Crane & Field vs. Randolph, adm'r.

CRANE & FIELD VS. RANDOLPH, ad.

1. TAX DEED: · *Void. Cloud on title, etc.*

Where it appears on the face of a tax deed that several tracts of land were sold together for the taxes due on the whole, it is void, and casts no cloud on the owner's title.

2. CHANCERY JURISDICTION: *For recovery of land.*

One having the legal title to land, and out of possession, must sue at law in ejectment, and cannot resort to equity.

. APPEAL from *Desha* Circuit Court in chancery.

Hon. W. H. H. CLAYTON, Circuit Judge.

*L. A. & X. J. Pindall* for appellant.

The remedy is complete at law, and the demurrer in the answers should have been sustained. *Byers et al.* v. *Danley*, 27 Ark., 90; *Apperson, etc.*, v. *Ford et al.*, 23 Ark., 747; *Moore et al* v. *Duman*, 27 Ark., 157; *M. & L. R. R. R.* v. *Woodruff*, 26 Ark., 649; *Polk* v. *Pendleton*, 31 Md., 118; *Chaplin* v. *Holmes*, 27 Ark., 414.

No title shown in complainant's intestate, or in his vendors. He must make out title. 2 Greenleaf, secs. 331, 553; *Clark* v. *Oakley*, 4 Ark., 236; same in equity; *Schaer* v. *Gliston*, 24 Ark., 137. No seizin within two years appears. Gantt's Digest, sec. 4117; *Guthrie* v. *Field*, 21 Ark., 386; *Taylor* v. *Speers*, 6 Ark., 381.

*Jas P Clayton* for appellee.

The sale of north half of 15 for taxes of 1865–66 was void, as these had been duly paid. *Wallace* v. *Brown*, 22 Ark., 118; Blackwell on Tax Titles, 3 ed., p. 409, 411, ns 1 and 2; *Kinsworthy* v. *Mitchell and wife*. 21 Ark., 145; *Martin* v. *Snowden*, 18 Gratt,, p. 100; Bl. on Tax T., 652, 3 ed.

Owner does not lose title where there is misdescription in advertisement. *Patrick* v. *Davis*, 15 Ark., 363. Assessment and sale must be in the same manner. *Bettison* v. *Budd*, 21 Ark., 578.

Crane & Field vs. Randolph, adm'r.

As to lawful mode of assessment. Gould's Digest, Tit. Revenue, ch. 148, secs. 14, 15. Equity cannot supply defects in tax title. Black. on T. T., 498, 990; *Young* v. *Keogh*, 11 Ill., 642; *Young* v. *Dowling*, 15 Ill., 481; 1 Story, 478; *Mayhew* v. *Davis*, 4 McL., 213.

Purchaser, with notice of a claim, cannot hold against it. 2 Johns. Ch., 155–57; *Ringgold* v. *Waggener*, 14 Ark., 69. They are chargeable with notice of irregularities in statutory proceedings. Blackwell, p. 65, 66, *n* 1 and 2; *Pleasants* v. *Scott*, 21 Ark., 370.

Answer insufficient to a charge of fraud. *Byers* v. *Fowler*, 12 Ark., 218; *Cook* v. *Bronough*, 13 id., 192; *Duncan* v. *Johnson*, 13 Ark., 190; *Miller* v. *Fraley*, 21 Ark., 22.

As to time of assessment, chap. 148, sec. 38, of Gould's Digest. Negative of other time may be implication. *Marsh* v. *Chestnut*, 14 Ill., 223; *Billings* v. *Ditton*, 15 ib., 218. *Thames Man. Co.* v. *Lathrop*, 7 Conn., 550.

Judge alone cannot adjourn over a County Court. The court must do it, composed of the judge and two justices. *Carnall* v. *Crawford Co.*, 11 Ark., 624; *Trice* v. *Crittenden Co.*, 7 Eng., 164; *Pulaski Co.* v. *Lincoln*, 4 Eng., 320; Gould's Dig., chap. 49, sec. 3.

The order levying the tax for public buildings without due notice, is a nullity. *Buckner et al.*, *ex parte*, 9 Eng., 73.

Affidavit of tender of redemption money, by agent, sufficient. *Merrick* v. *Hutt*, 15 Ark., 341; *Gracie* v. *White*, 18 Ark., 17; *Brooks* v. *Perry*, 23 Ark., 32; *Morton* v. *Scull*, 23 Ark., 289; *Real Estate Bank* v. *Rawdon*, 5 Ark., 558.

The act under which the school tax was levied had been annulled by the Constitution of 1868. *State* v. *Kelly*, 25 Ark., 392; *Lin Sing* v. *Washburn*, 20 Cal., 534; *Knowlton* v. *Supervisors*, 9 Wis., 410; *Attorney General* v. *Plankroad*, 11 Wis., 35.

Jurisdiction—To remove cloud of tax deed.   *Cook* v *Cole*, Holst., ch. 522; Adm'rs. Equity, p. 419; ib., 420.

Question of jurisdiction cannot be first raised here.   Sec. 112, Civil Code, 1 Ark., 197, 410, 417; 4 ib., 303; 8 ib., 57–9, 501; 15 ib., 307; 17 ib., 340; 18 ib., 583; 19 ib., 139; 22 ib., p. 103.

Fraud a ground.   Kerr, p. 41 and n., 42 and n., 44 *et seq.;* 6 Wall. (U. S.), 268; 1 Munf., 419, 437.

HARRISON, J.:

The appellee, Elihu Randolph, administrator *de bonis non* of George J. Graddy, deceased, filed his complaint in equity in the Desha Circuit Court against the appellants, W. C. Crane and Robert Field, and James Murphy and W. C. Johnson, to remove the clouds of certain tax deeds from the title of a tract of land belonging to his intestate's estate.

The allegations of the complaint, so far as it is material to state them, were:   That the said George J. Graddy died intestate, on the 16th of May, 1864, seized of the north fractional half of section 15, in township 7 south, of range 1 east, in said county; that administration upon his estate was granted to Mary B. Graddy, his widow, on the 29th of November, 1865, and that she having removed from the State, and her letters being for that cause revoked, administration *de bonis non* was afterwards granted to the plaintiff.

That Mrs. Graddy paid the taxes on the land for the years 1865 and 1866, but that it was, in 1867, advertised by the Tax Collector for those years as the property of one James Railey, a non-resident of the county, and sold by him on the 12th of March, of said year; that it was purchased by the defendants, Murphy and Johnson; and, on the 13th of April, 1868, the Collector conveyed the same by deed, with other lands, to the said Murphy, which deed was duly acknowledged and recorded.

That the land had not, in fact, been listed and assessed as the property of Railey, and was so advertised through error and mistake, for the north half of section 13, in the same township and range, which, with nine other tracts belonged to said Railey, and which other tracts were advertised and, at the same time, sold, and purchased by said Murphy and Johnson.

That Murphy and Johnson, becoming apprised of the mistake, after their purchase, and that the land belonged to the estate of Graddy, and the taxes had been paid, in order yet to secure it, in 1867, fraudulently listed and assessed it as the property of a non-resident owner; and that it might be sold without the knowledge of the administratrix and those interested in the estate, in the fictitious name of William & James; in which name the other tracts purchased at the same time, were also assessed, and by omitting to pay the taxes, it was with those tracts again advertised, and thereafter offered for sale with them in a body, and' Murphy again purchased the whole for the sum of $44.10 the aggregate amount of taxes, penalty and costs due on them, but which sale was not on the second Monday in March, the day fixed by law for such sales, but on the 11th day of May, 1868.

That the tract was in the same year also listed and assessed as the property of Graddy's estate; and the taxes not being paid, it was returned as the property of said estate on the delinquent list.

That Murphy assigned the certificate of purchase to defendants, Crawford and Field, and afterwards, on the 27th day of August, 1869, the county clerk, Murphy himself, executed to them a deed for all the tracts, that, belonging to Graddy's estate, as well as the others; and that in the deed it was recited that the said tracts were sold for the sum of $44.10, the taxes, penalty and costs due thereon; and that Murphy, on the same day, also

executed to them a quit claim deed for the lands, which two deeds were also acknowledged and recorded.

That Crane and Field were then in possession of the land; and that the plaintiff had applied for an order to sell the lands of his intestate for the payment of his debts; but said tax deeds were a cloud upon the title, and an impediment to the sale of the tract in question.

Crane and Field in their answer denied any knowledge that the land ever belonged to the estate of Graddy,. or that the taxes for 1865 and 1866 had been paid when it was sold in 1867. They admitted that it was not assessed in the name of Railey in 1866, and that it was through. the mistake stated in the complaint advertised at his in 1867. They had no knowledge, they said, by whom it was assessed in the name of William and James, but denied it was so assessed with the fraudulent purpose or intent alleged.

They admitted that the sale in 1868, was not on the day appointed by law for tax sales, but averred that the collector having failed to offer the lands, on which taxes were unpaid, for sale on the second Monday in March, he was directed by an order of the County Court, as provided by the statute, to sell them on the 11th day of May, 1868, and they claimed that the last mentioned sale and all proceedings relating thereto were in strict conformity with law,and that the deed of the county clerk vested in them a valid title, and either expressly or tacitly admitting the other allegations of the complaint, reserved a demurrer to the same for the want of equity.

Murphy and Johnson were not necessary parties and their joint answer need not be noticed.

Upon the hearing, the deeds were decreed so far as related to the land in controversy, to be set aside and canceled.

By the law in force, when the land was sold in 1867, the collector was required to make out and file in the clerk's office, on

or before the fourth Monday in December, a list of the lands and town lots in his county, assessed to persons who did not reside therein, on which the taxes had not been paid, setting forth the owners' name and a description thereof as the same were described on the tax book with the taxes due thereon; a copy of which was to be set up at the court-house door, and also published in some newspaper printed in the state, at least four weeks before the second Monday in March thereafter, with a notice that the whole of the several tracts and town lots, or as much thereof as should be necessary to pay the taxes and penalty charged thereon, would be sold at the court-house door on said day unless the same were paid. And this list and notice were before the day of sale to be recorded by the clerk.

Gould's Digest, chapter 148, sections 115-117.

Blackwell, in his work on Tax Titles, speaking of a statute of Massachusetts, which required the name of the owner to be inserted in the advertisement, if known, otherwise, a substantially accurate description of the land, says: "The evident object of the statute is to give the owner every facility in the ascertainment of his delinquency, which his own name and a description of his property can afford to him, upon an inspection of the notice; and the courts ought to be as strict in requiring the statute to be fully complied with in this respect as in reference to any other prerequisite." Black. on Tax Titles, 276. But it was proven upon the hearing, by the collector's receipt, that the taxes for 1865 were paid; and the fact admitted, that the land was advertised and sold in 1867 through mistake, repels the presumption the recital in the deed would otherwise create, of the non-payment of the taxes for 1866. Be that, however, as it may, the mistake in the advertisement, and the sale for the taxes of a year that had been paid, most clearly invalidated the sale. Black. on Tax Tit., 190; *Kinsworthy, et al.,* v. *Mitchell and wife,* 21 Ark., 145.

From the view we take of the case, it is not necessary to consider the evidence in relation to any disputed fact, in noticing the sale of 1868. The invalidity of it is made clearly to appear by the averment in the complaint, not denied, and also shown to be true by the deed exhibited, of the sale of the several tracts together for the taxes upon the whole, and read in evidence upon the hearing. *Pettus & Glenn* v. *Wallace, et al.,* 29 Ark., 476, and authorities there cited.

And such invalidity appearing upon the face of the deed, it cast no cloud upon the title. *Chaplin* v. *Holmes,* 27 Ark., 414.

Although such objection does not exist as to the first deed, which shows a sale sufficiently regular to require proof of the extraneous facts which invalidate it; yet the defendants, Crane and Field, being in possession of the land, there was nothing to hinder or prevent the plaintiffs from maintaining an action of ejectment; and having an adequate and complete remedy at law, there was no equity in their complaint, and for that cause it should have been dismissed.

The decree of the court below is therefore reversed, and the complaint will be dismissed.