Lawrence v. Zimpleman.

2. Mortgage: Foreclosing: Subsequent mortgees should be parties.

LAWRENCE v. ZIMPLEMAN.

1. CHANCERY: *Removing cloud upon title.*
A party who sues in equity to remove a cloud upon his title to land, must be in possession when he brings his suit, unless his title be an equitable one.

2. SAME: *Same.*
A court of equity will not interpose to remove a cloud upon title, unless the beclouding title be good upon its face, and a resort to

extrinsic evidence be necessary to establish its invalidity. A deed worthless upon its face casts no cloud upon the owner's title.

3. SAME: *Same: Plaintiff must show title.*
The plaintiff in a bill to remove a cloud upon his title, must himself have a reasonably clear title. He must proceed upon the strength of his own title, and not the weakness of the defendant's

4. TAX DEEDS: *Recitals.*
A tax deed for land sold under the revenue law contained in *Gould's Digest*, is evidence only of its own recitals; and if it fails to show that the sheriff filed in the clerk's office his assessment list, or that the County Court corrected or adjusted the assessment, or that the clerk made out a tax book, or attached a warrant thereto and delivered it to the sheriff, it shows no valid sale and no title.

APPEAL from *Garland* Circuit Court.
Hon. J. M. SMITH, Circuit Judge.

*Clark & Williams*, for appellant:

I.   The patent to Dupas was void for uncertainty, there being no proof to identify the land. Nor was there any proof of Dupas' death, and if dead, his widow could convey nothing but dower, and that only to the party holding the fee. 21 *Ark.*, 347. The tax deeds were no part of the record. *Acts, March* 5, 1875; *Acts* 1874–5, *p.* 229.

II.   The burden of proof was on appellee to prove possession, without which his case becomes an ejectment bill, and the court had no jurisdiction. 27 *Ark.*, 233; *Ib.*, 77.

III.   The tax deed to Kempner is void on its face. *Gould's Digest*, *Ch.* 148, *Secs.* 34–50, 130; 13 *Ark.*, 242; *Pillow* v. *Roberts*, 13 *Howard*, *S. C.*, 476; 7 *Eng.* 822; 27 *Ark.*, 226; 28 *Ark.*, 299.

IV.   Being out of possession appellee must prevail, if at all, upon the strength of his own title. Appellant being in possession, it makes no difference as against appellant or any other stranger whether he has title or not.

Lawrence v. Zimpleman.

V. The Chicago Dutchman had no right to translate the power of attorney, it should have been recorded, if properly executed, in Dutch. But it was defective, as were also the acknowledgments to the subsequent attempted conveyances.

*U. M. Rose*, for appellee:

I. The tax deed to Lawrence void, because the taxes were paid. 21 *Ark.*, 145; 22 *Ib.*, 178; 19 *Ib.*, 139; Two tracts sold *en masse*. 29 *Ark.*, 476; *Ib.*, 489; 31 *Ib.*, 314; *Ib.*, 491. Sold on 9th June, 1873, a day not authorized by law. 33 *Ib.*, 748.

II. Though a deed is void on its face, a bill to quiet title may be maintained. 31 *Ark.*, 683; *Hamilton* v. *Cummings*, 1 *Johnson Chy.*, 517; *Hays* v. *Hays*, 2 *Ind.*, 28. No objection having been made below, none can be made here. 30 *Ark.*, 91; 4 *Paige*, 77; 2 *Ib.*, 509; 2 *John. Chy.*, 369.

W. W. SMITH, Special Judge. Zimpleman filed this bill to remove a cloud from his title to a tract of land, cast by a tax sale made June 9, 1873, for the taxes of 1872, at which Lawrence became the purchaser. He alleges, somewhat indistinctly, that he is in possession of the premises, but this is denied by the answer, and it is averred that Lawrence has had peaceable possession ever since the year 1875. There is not a particle of proof in the record to show with whom the possession is, or whether the land is wild and unoccupied.

1. Removing cloud from title.

To obtain the relief sought, the plaintiff must be in possession when he brings the suit, unless his title be an equitable one. A Court of Chancery is not the appropriate forum to try a purely legal title. The defendant, if he is in actual possession, is entitled to a trial by jury, unless there are peculiar circumstances bringing his case under

Who entitled to relief.

some one of the recognized heads of equity jurisdiction. The case of *Shell* v. *Martin*, 19 *Ark.*, 139, which holds to the contrary of this, was disapproved by Mr. Justice FAIRCHILD, in *Apperson* v. *Ford*, 23 *Ark.*, 746, and has been discredited by the later decisions. *Branch* v. *Mitchell*, 24 *Ark.*, 431; *Byers* v. *Danley*, 27 *Id.*, 77; *Miller* v. *Neiman*, 27 *Id.*, 233; *Chaplin* v. *Holmes*, 27 *Id.*, 414; *Sale* v. *McLean*, 29 *Id.*, 612; *Crane* v. *Randolph*, 30 *Id.*, 579.

We cannot presume in favor of the plaintiff's possession, since an issue upon this point was tendered by the answer, and he failed to meet it by proof. It was a jurisdictional fact.

The beclouding title must be good on its face. If, however, Lawrence is not in possession (in which case Zimpleman could not, of course, bring ejectment against him), still this bill cannot be maintained. The rule is that before a court of equity will interfere to remove a cloud, the title of the adverse claimant must be good upon its face, and it must be necessary to resort to extrinsic evidence to establish its invalidity. *Chaplin* v. *Holmes, supra; Allen* v. *City of Buffalo*, 39 *N. Y.*, 390; *Marsh* v. *City of Brooklyn*, 59 *Id.*, 282; *Moore* v. *Cord*, 14 *Wis.*, 213.

Now, although Lawrence's tax deed is assailed, upon the grounds that the taxes had been paid before sale, and the illegality of the sale for that reason depends upon an external fact, yet it also appears from the deed exhibited that his title is worthless, and that any attempt to assert it by action would fall by its own weight, without proof in rebuttal. All of the tax sales made in the year 1873, for the taxes of 1872, are void, as held in *Vernon* v. *Nelson*, 33 *Ark.*, 748. Moreover, it appears from the recitals of the tax-deed that two Worthless deed tracts of land were sold together, for the taxes due on the casts no cloud. whole. Such a deed casts no cloud upon the owner's title. *Crane* v. *Randolph, supra; Pettus* v. *Wallace*, 29 *Ark.*,

476 ; *Pack* v. *Crawford*, 29 *Ark.*, 489 ; *Montgomery* v. *Birge*, 31 *Ark.*, 491 ; *Walker* v. *Moore*, 2 *Dillon*, 256.

The case of *Hamilton* v. *Cummings*, 1 *Johnson's Ch'y.*, 517, cited by Zimpleman's counsel, in support of the proposition that equity will decree the cancellation of a deed void upon its face, is no longer law in the State of New York, having been overruled by *Cox* v. *Clift*, 2 *Comstock*, 118 ; *Scott* v. *Onderdonk*, 14 *N. Y.*, 14 ; *Ward* v. *Dewey*, 16 *Id.*, 529 ; *Crook* v. *Andrews*. 40 *N. Y.*, 547 ; *Guest* v. *City of Brooklyn*, 69 *N. Y.*, 513.

Besides, there are gaps in Zimpleman's title, which we cannot overlook. It is true that only those whose titles are beclouded need the relief that is here sought, and the act of filing the bill presupposes some obscurity of the title. But it ought to appear that if the cloud raised by the defendant's unfounded claim were removed, the plaintiff would then have a reasonably clear title. Zimpleman must succeed, if at all, upon the strength of his own title, and cannot rely upon the weakness of his adversary's. 3. Plaintiff must show title.

He exhibits two chains of title. The links of the first chain are, a patent deed of the United States to John Dupas, of Hot Spring county, in Arkansas, issued in 1855 ; a letter of attorney, from Marie Kaufman, of Alsace, in Germany, who claimed to have been the widow of John Baptist Dupas, and the guardian of his minor children, authorizing Victor Lasaque to sell and convey real estate of the said Marie Kaufman and the said infants. This power, executed in 1875, in the German language, was acknowledged before a notary in Strasbourg and appears in the transcript as translated by a notary in Chicago. Under it Lasaque conveyed to Hanna and Chase, they to Howard, and Howard to Zimpleman.

Passing over imperfections in the acknowledgment of these instruments, there is no allegation or proof of the

death of the original patentee, or that Marie Kaufman and her children are his widow and heirs, or that she is the legal guardian of those heirs.     Assuming all of these things to be true, she had no interest in the land  except her dower, and even this she could not convey to a stranger before allotment.    *Carnall* v. *Wilson*, 21 *Ark.*, 62 ; *Jacoway* v. *McGarrah*, 21 *Ark.*, 347 ; *Jacks* v. *Dyer*, 31 *Ark.*, 334. Nor had she any right to sell the lands of her wards without license from a court of competent jurisdiction.

*Widow can not convey dower before allotment.*

The head of the second chain of title is a collector's deed to Jacob Kempner, pursuant to a tax sale of March 9th, 1868, for the taxes of the three preceding years.    And this followed by sundry mesne conveyances, connecting Zimpleman with this source of title.

4.   T a x Deeds, recitals.

This tax sale was had under the provisions of the revenue law contained in *Gould's Digest*, *chapter* 148 ; by virtue of which the collector's deed was only evidence of the truth of its own recitals.    No attempt was made to supplement the deficiencies of the deed by proof *aliunde*.

Now there is no recital that the sheriff filed in the clerk's office his assessment list for either of those years, or that the County Court ever corrected or adjusted said assessment, or that the clerk ever made out a tax-book, or attached a warrant thereto, or delivered it to the sheriff.    For vices like some of these, the tax-deed was overruled in *Haney* v. *Cole*, 28 *Ark.*, 299.

The judgment of the court below is reversed and the bill is dismissed.