INDIANA & ARKANSAS LUMBER & MFG. CO. et al. v. MILBURN et al.*

(Circuit Court of Appeals, Eighth Circuit. April 18, 1908.)

No. 2,625.

1. TAXATION—TAX LIEN—FORECLOSURE—NATURE OF PROCEEDING.
    The overdue tax suit for the foreclosure of a tax lien, authorized by Acts Ark. 1881, p. 63, is a judicial proceeding, and the sale pursuant thereto is a judicial sale.

2. SAME—MISDESCRIPTIONS.
    Misdescriptions of land, which would be fatal to an ordinary tax proceeding, do not render a sale pursuant to a judgment in an overdue tax suit, authorized by Acts Ark. 1881, p. 63, invalid after confirmation.

3. SAME—LIMITATIONS.
    An attack on the sale of land under a decree in an overdue tax suit is barred by the five-year statute of limitations prescribed by Kirby's Dig. Ark. § 5060.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, § 1588.]

4. JUDICIAL SALE—VACATION—POWER.
    A court has power to vacate an order of confirmation of a judicial sale at the same term at which it was rendered.

5. TAXATION—TAX SALES—CONFIRMATION—EFFECT OF ORDER.
    After various decrees and orders, and vacations thereof, in proceedings for the sale of land for the nonpayment of taxes, it appeared that the money paid by the purchasers had been distributed and was beyond their reach; and, the purchasers having neither money nor deeds to the land, a chancery court directed the commissioner to make a statement showing his disposition of the proceeds, and, this being done, confirmed the report of sales and ordered the commissioner to execute deeds to purchasers, conveying only such title as the decree or decrees were competent to pass. Held, that such order only confirmed sales of lands made to individuals, and did not apply to lands struck off to the state.

───────────
*Rehearing denied June 29, 1908.

6. SAME—NECESSITY OF CONFIRMATION.

A sale of land for taxes pursuant to a decree in an overdue tax suit, authorized by Acts Ark. 1881, p. 63, vests no title in the purchaser until confirmation.

7. SAME—LIMITATIONS.

The statute of limitations does not commence to run in favor of a purchaser's title to land purchased pursuant to a decree in an overdue tax suit, authorized by Acts Ark. 1881, p. 63, until confirmation of the sale.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, §§ 1593–1595.]

8. SAME—QUIETING TITLE—LACHES.

Where land in controversy was wild and uncultivated, and neither complainants, the fee owners, nor the defendants, claiming under a tax sale made in 1881, were in possession, and defendants, aside from paying taxes, did nothing with reference to the land from a sense of security caused by complainants' inactivity, complainants were not barred by laches for maintaining a suit to quiet title as against defendants' alleged claim.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, §§ 1593–1595.]

9. SAME—VACATION OF TAX SALE—CONDITIONS.

Where defendants had paid taxes on land purchased at a tax sale for many years, complainants were only entitled to a decree setting aside such sale on condition that they reimburse defendants for the tax payments so made.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, § 1612.]

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas.

H. F. Roleson and N. W. Norton, for appellants.

T. E. Hare (Hunsdon Cary, on the brief), for appellees.

Before HOOK and ADAMS, Circuit Judges, and CARLAND, District Judge.

HOOK, Circuit Judge. The Milburns, as fee-simple owners, sued the Indiana & Arkansas Lumber & Manufacturing Company to quiet their title to a tract of land in Crittenden county, Ark., and obtained a decree from which the defendant took this appeal. The title of defendant which was attacked was based upon a sale under a decree of a local chancery court in a suit brought in 1881 by the state, on the relation of the county, for the enforcement of delinquent taxes. Other lands were also involved in that suit and sold at the sale; but the particular tract in question here was struck off and certified to the state for lack of other bidders. The state afterwards granted it to the board of directors of St. Francis levee district, which in turn conveyed it to defendant. Complainants assert that no title passed by the sale to the state, because (a) of fatal misdescriptions of the land at various stages of the suit; (b) when the sale was made there was no decree authorizing it, all decrees of the chancery court having been previously vacated; and (c) there was no confirmation of the sale.

The overdue tax suit was authorized by an Arkansas statute (Acts 1881, p. 63). It was a judicial proceeding, and a sale pursuant thereto was a judicial one. Neal v. Andrews, 53 Ark. 445, 448, 14 S. W. 646. It is true there were such misdescriptions of the land as would have

been fatal in an ordinary tax proceeding (Salinger v. Gunn, 61 Ark. 414, 33 S. W. 959; Cocks v. Simmons, 55 Ark. 104, 17 S. W. 594, 29 Am. St. Rep. 28; Montgomery v. Birge, 31 Ark. 491; Crane v. Randolph, 30 Ark. 579), but not so in a judicial proceeding followed by a judicial sale and confirmation (Doyle v. Martin, 55 Ark. 37, 17 S. W. 346). Besides this, complainants' attack on the sale upon the ground of misdescription of the property was barred by the five-year statute of limitation (Kirby's Dig. § 5060) long before the suit to quiet title was begun.

As to the other objections to defendant's title: There is much confusion in the record of the overdue tax suit, arising from the number of decrees and orders confirming the sales that were entered, and decrees and orders setting them aside. But the decree upon which defendant's title must rest, if it has basis at all, is that of December 23, 1882. The sales under that decree were confirmed at a subsequent term of court; but shortly thereafter, and before the term ended, the order of confirmation was vacated, and the prior decree was itself set aside for want of jurisdiction, though the jurisdictional defect does not appear in the record before us. In view of our conclusion upon the third ground of attack on defendant's title, we need not consider whether the decree of December 23d was lawfully annulled, or whether the order vacating it was void because made at a subsequent term. The facts remain that the court vacated the order of confirmation at the same term it was rendered, its power to do so cannot be doubted, and no confirmation was afterwards had of the sale of the land involved in the present suit. Defendant relies upon a confirmation order made in 1885, about two years after the commissioner's report of sales was presented to the court; but we think that order clearly related to other lands sold to individuals, and not to those struck off and certified to the state for want of bidders. After various decrees and orders, and vacations thereof, were entered of record, it appeared that the money paid by purchasers had been distributed and was beyond their reach. They had neither money nor deeds. The chancery court, therefore, directed the commissioner to make a statement showing his disposition of the proceeds, and, this being done, confirmed the report of sales, and ordered him "to execute deeds to purchasers, conveying only such title as the decree or decrees were competent to pass." That this was not intended to apply to lands struck off to the state appears from the fact that it was not required to, and did not, pay the commissioner the amount of tax liens adjudged against them (Acts 1881, pp. 69, 70, §§ 10, 12), and instead of a deed to the state, as was required to be given individual purchasers, there was merely provision for a certificate by the commissioner to the clerk of the county, whose duty it was to send copies to certain state officers. Doyle v. Martin, supra. It seems clear that the confirmation relied on was solely for the benefit of those purchasers whose money had been paid and distributed, and who, therefore, sought deeds for what they bought.

What, then, is the effect of the lack of confirmation? In Neal v. Andrews, supra, it was held that when lands were struck off to the

state confirmation was as necessary as in the case of sale to an individual. The court said:

"The sales in these cases conferred no title upon the state, for the reason that they were not confirmed by the chancery court, and the state is only a preferred bidder until confirmation which is necessary to complete her title."

In Apel v. Kelsey, 47 Ark. 413, 419, 2 S. W. 102, 103, it was said:

"Now, a judicial sale passes no title until it is confirmed; and confirmation will not be presumed, but must be shown. The court is the vendor, and what takes place before final approval is in the nature of a bid which may be accepted or rejected."

According to these decisions, which control us in a case of this kind, there was no completed sale until confirmation. Consequently the statute of limitations did not commence to run. In Cowling v. Nelson, 76 Ark. 146, 150, 88 S. W. 913, 914, it was said:

"This court has held that the five-year statute does not apply to judicial sales, unless they are confirmed, because there is no sale until that act. Lumpkins v. Johnson, 61 Ark. 80, 32 S. W. 65; Morrow v. James, 69 Ark. 539, 64 S. W. 269. When confirmed, and the court has jurisdiction over the parties, the five-year statute runs in favor of the purchaser at such sale against the parties thereto, although the sale is void. It is a statute of repose, and, if valid, the purchaser needs no limitation to ripen his title, and the manifest purpose of the Legislature was to apply it to avoid sales within the limitations mentioned."

Nor can the doctrine of laches defeat complainants' suit. The land in controversy was wild and uncultivated, neither party was in possession, and, aside from paying taxes, defendant did nothing upon the land, from a sense of security caused by complainants' inactivity. The mere payment of taxes gave no title to the land. Rannels v. Rowe, 74 C. C. A. 376, 145 Fed. 296; Penrose v. Doherty, 70 Ark. 256, 67 S. W. 398. There is another matter. The defendant, relying upon a course of judicial proceedings, paid taxes for a period covering many years, and so performed an obligation to the state which rested upon the true owners of the land. The land having greatly appreciated in value, the owners now call upon a court of equity to clear their title; but, before obtaining what they seek, they themselves should be required to do justice. To the entry of a decree in favor of complainants the trial court should attach the condition that within a specified time they reimburse defendant for the amount of its tax payments as ascertained by the court, and if they make default their bill should be dismissed.

The decree is vacated, and the cause is remanded for further proceedings in conformity with this opinion.