## WHEATLAND GRAIN & LUMBER CO. *et al.* v. DOWDEN.

### Nos. 405 and 775. Opinion Filed May. 10, 1910.

(110. Pac. 898.)

1. **APPEAL AND ERROR—Quieting Title — Default Judgment— Scope of Review—Jurisdiction.** Upon a petition in error to reverse a judgment rendered on default, such defects as could have been taken advantage of before judgment by general demurrer may be brought under review; and, if the allegations of the petition are insufficient to sustain the same, the judgment thereon will be reversed.

    (a) Under the laws in force in the Indian Territory at the time of the erection of the state, where one holding an equitable title only to lands comes into a court of equity to impeach or cancel or compel a conveyance of the legal title, or the cancellation of an inferior equitable title, the jurisdiction of the court in no wise depends upon the question of possession.

2. **JUDGMENT—Vacation—Grounds — Meritorious Defense.** The record showing an appearance by an attorney, and no. service of summons upon the defendant, it may be shown by parol that the attorney was unauthorized to make such appearance.

    (a) A void judgment may be vacated at any time on motion by a party or other person affected thereby without setting up a meritorious defense.

3. **Judgment—Vacation — Persons Entitled — Codefendants.** Four parties defendant having been served with summons, numerous other parties thereto not being served, but an unauthorized appearance by an attorney having been made for them, judgment having been rendered thereafter on default against all parties including the parties not served, the parties served with summons having notice of such unauthorized appearance cannot be heard to complain that such judgment against the parties not served was void, and thereby have the same set aside as to all parties.

(Syllabus by the Court.

*Error from District Court, Grady County; Frank M. Bailey, Judge.*

Action by E. Dowden against the Wheatland Grain & Lumber Company and others. From a judgment in favor of plaintiff, de-

fendants bring error.    Affirmed as to part of defendants, and reversed as to others.

The land involved in this controversy was allotted to Aaron Colbert, a member by blood of the Croctaw Tribe of Indians. A certificate of allotment was duly issued thereto, and subsequent to the filing of the allotment, but prior to the issuance of such certificate, the allottee being deceased, the defendant in error, E. Dowden, purchased said land from his heirs at law, receiving a proper deed thereto, and going into possession thereof. Thereafter said defendant in error platted said land into lots, blocks, streets, and alleys, and dedicated the same as a townsite, filing the plat thereof as required by law. He afterwards, separately, entered into contracts with the plaintiffs in error, agreeing for a certain consideration to convey upon full payment of the purchase price thereof the lot or lots described in such contract. Such contracts are substantially in form as follows:

"Tuttle, Ind. ——. Upon receipt of good and sufficient warranty deed from E. Dowden, conveying to me lots —— in Block —— in the town of Tuttle, Ind. Ter., I promise and agree to pay to the said E. Dowden or to his order the sum of ——. It being understood and agreed that the title to the above-described premises shall be complete in the said E. Dowden before any demand is made for the payment as above set forth. It is further agreed that the undersigned may build upon said premises or use the same in any other lawful manner, until such time as the said E. Dowden can show complete title to said property, at which time the deed shall be made out in accordance with this agreement, and payment thereon become due."

A partial payment was made under each contract, the parties thereto then and there going into possession thereunder. Afterwards, the question arising as to whether said Dowden had, or could obtain, valid title to said land, certain parties to such contracts, in connection with other parties, made application to the Department of the Interior to have the land in question set aside as a United States townsite. Such order was made, and some of the parties who are plaintiffs in error herein had their respec-

tive lots scheduled to them, and paid to the government the required price. This action was then instituted to clear the title against the plaintiffs in error.

In commencing this action the defendant in error as plaintiff caused summons to be issued and served on four of the defendants, to wit, the Wheatland Grain & Lumber Company, F. P. Henry, G. E. Green, and G. A. Hosey. None of the other defendants were served with summons. An attorney by the name of R. P. Stewart, who had been employed to represent the aforenamed defendants, also entered an appearance for their codefendants, but failed to file any pleadings, and judgment was rendered against them *nil dicit,* as well as the four parties that were served. The defendants who had not been served with process, and who are parties plaintiff in this proceeding, then appeared specially, and moved the court to set aside the judgment rendered against them in favor of the defendant in error, filing affidavits reciting that none of them had been served with summons, nor had they appeared in the case, or authorized, consented, or acquiesced in any one appearing for them or either of them; that the attorney the said R. P. Stewart, who pretended to appear for them, was not authorized to do so; that they did not know that he made appearance for them until after judgment was rendered against them. Nor did they know that he ever filed a motion to vacate such judgment until such motion had been overruled by the court. Motion was made at the term at which the judgment was rendered by the parties not served to set said judgment aside, which was overruled.

*Burwell, Crockett & Johnson,* for plaintiffs in error.

*Bond & Melton,* for defendant in error.—On possession as a prerequisite to right to sue: *Branch v. Mitchell,* 24 Ark. 431; *Lawrence v. Zimpleman,* 37 Ark. 643; *Bryan v. Winburn,* 43 Ark. 28; *Chaplin v. Holmes,* 27 Ark. 414.

WILLIAMS, J. (after stating the facts as above). This being an appeal from a judgment rendered on default, it is essential

to determine whether the allegations of the plaintiff's petition, admitting the same to be true, constitute cause of action. *Lewis et al. v. Clements*, 21 Okla. 167, 95 Pac. 769; *Le Force v. Haymes*, 25 Okla. 190, 105 Pac. 644; *International Harvester Co. v. Cameron*, 25 Okla. 256, 105 Pac. 189.

The petition or complaint substantially alleges an equitable title, with prior possession, in the plaintiff (defendant in error), and that the defendants went into possession of a portion of said land under an executory contract with said plaintiff; that afterwards said parties, together with their codefendants, acquired the legal title by virtue of a townsite proceeding, the Secretary of the Interior having canceled the allotment filing, although a certificate had been issued therefor, and segregated such land for townsite purposes, platting the same into a townsite; the lots of said tract of land involved in this controversy being scheduled and patented to said defendants. But see *Ballinger, Secretary of the Interior, v. United States ex rel. Belle Frost* (decided by the Supreme Court of the United States on February 21, 1910), 216 U. S. 240, 30 Sup. Ct. 338, 54 L. Ed. —; *Godfrey v. Iowa Land & Trust Co.*, 21 Okla. 293, 95 Pac. 792; *De Graffenreid et al. v. Iowa Land & Trust Co.*, 20 Okla. 687, 95 Pac. 624. The question here involved is as to whether a party having the equitable title either in possession of a part of the land or out of possession of all of it may maintain a bill in equity to quiet the title in him to said land. This action was pending at the time of the erection of the state government, and, by virtue of the provisions of the enabling act (Act June 16, 1906, c. 3335, 34 Stat. 267) and the Schedule to the Constitution, the procedure as it existed in the Indian Territory prior to such time at least as to substantial rights obtains in the trial of this cause. Such procedure, being contained in chapter 119, Mansf. Digest (Ark.) 1884, and chapter 54, Ind. T. St. 1899, was extended by Act Congress May 2, 1890, c. 182, 26 Stat. 81. See, also, *England Bros. v. Young, infra*, 110 Pac. 895.

In *Branch v. Mitchell*, 24 Ark. 431, in an opinion by the Honorable Albert Pike as special judge, the court said:

"Where one holding an equitable title only to lands, or a junior legal title with prior or superior equities, comes into a court of equity, to impeach and cancel, or compel a conveyance of, the senior or better legal title, the jurisdiction of the court in no wise depends on the question of possession."

In *Lawrence v. Zimpleman*, 37 Ark. 643, the court said:

"To obtain the relief sought, the plaintiff must be in possession when he brings the suit, unless his title be an equitable one. A court of chancery is not the appropriate forum to try a purely legal title. The defendant, if he is in actual possession, is entitled to a trial by jury, unless there are peculiar circumstances bringing his case under some one of the recognized heads of equity jurisdiction. The case of *Shell v. Martin*, 19 Ark. 139, which holds to the contrary of this, was disapproved by Mr. Justice Fairchild in *Apperson v. Ford*, 23 Ark. 746, and has been discredited by the later decisions. *Branch v. Mitchell*, 24 Ark. 431; *Byers v. Danley*, 27 Ark. 77; *Miller v. Neiman*, 27 Ark. 233; *Chaplin v. Holmes*, 27 Ark. 414; *Sale v. McLean*, 29 Ark. 612; *Crane v. Randolph*, 30 Ark. 579."

In *Bryan et al. v. Winburn et al.*, 43 Ark. 28, the court said:

"It is contended that the plaintiffs were not in possession when the bill was filed. Unless the plaintiff's title be merely an equitable one, incapable of effectual assertion at law, possession is necessary to give a court of chancery jurisdiction in a suit of this character. *Lawrence v. Zimpleman*, 37 Ark. 643, and cases cited."

These decisions existed on May 2, 1890, at the time said laws of Arkansas were extended by act of Congress in force in the Indian Territory, and, this being a pending case at the time of the erection of the state, such Arkansas decisions seem to be controlling here. It follows that the complaint or petition on its face stated a cause of action.

In *Bond v. White*, 8 Kan. 333, the sheriff's return as to the service of summons relative to the place of residence of the defendant, or the age of the party with whom the summons was left, was shown to have been false, on motion to have the judgment set aside. As to this judgment, on the ground that neither had any

service been had, nor any authorized appearance made, by the current weight of authority, it may be shown by parol that the appearance of the attorney was unauthorized, and, as such was done without the knowledge of the parties, may be set aside. The record shows the general appearance on the part of the defendants by their attorney, R. P. Stewart, by filing a demurrer on July 23, 1907, to plaintiff's complaint, and on April 1, 1908, a motion to transfer the cause to the federal court, and on April 2, 1908, a plea to the jurisdiction of the court. The record further recites that on January 4, 1908, demurrer was withdrawn and defendants allowed 30 days in which to plead. On April 10, 1908, petition for removal was denied, plea to jurisdiction overruled, and defendants given 10 days in which to answer. On April 16, 1908, the date on which the cause was set for trial, judgment was rendered on default.

There is no contention that any of the defendants were served with summons except the Wheatland Grain & Lumber Company, F. G. Henry, H. E. Green, and G. A. Hosey; it being insisted that appearance of the other parties was by their attorney, R. P. Stewart, which is denied by them. No counteraffidavits are filed to those setting up the fact that no authorized appearance was made. In *Nicoll et ux. v. Midland Savings & Loan Co. of Denver*, 21 Okla. 591, 96 Pac. 744, it was held that, where a judgment was rendered without any service or appearance on the part of the defendant, such a judgment was void, and may be vacated and set aside at any time on motion of the defendant. See, to the same effect, *Nicholson et al. v. Midland Savings & Loan Co. of Denver*, 21 Okla. 598, 96 Pac. 747. But in said cause the infirmity appeared of record. In this case the vice does not appear of record. Section 6101 (section 4471, St. Okla. T. 1893), Comp. St. 1909, provides that proceedings to vacate or modify a judgment or order on the ground that the defendant was not summoned or otherwise legally notified of the time and place of taking of such judgment must be commenced within one year after

the time the defendant has notice of the judgment. Said section further provides that a void judgment may be vacated at any time on motion by a party or other person affected thereby. See, also, *Stark Bros. v. Glaser et al.*, 19 Okla. 502, 91 Pac. 1040.

It being permissible to show by parol at least at the term of court at which the default judgment was rendered, where there is no service of the summons and appearance is made by an attorney, that the same was unauthorized, it follows that the court had no jurisdiction over the person of such defendant, and that the judgment was void, and under section 6101, *supra,* a void judgment may be vacated at any time on motion by a party or other person affected thereby.

Further, it is urged by counsel that the judgment against a portion of the plaintiffs in error in this action being void, it was erroneous as to the four parties that were served with summons. In *Cheek et al. v. Pugh,* 19 Ark. 574, the court said:

"It is insisted by the counsel for the appellants that the judgment against them in the attachment suit being void as to them was void also as to Southall. That it was a mere nullity as to them there can be no doubt. They were not parties to the action. Pugh was the plaintiff, and Southall the defendant in the attachment suit. His property was seized under the writ, and, in order to release it, he executed the bond sued on in this case, with the appellants as sureties. When judgment was finally rendered against his administrator, it was also without authority of law, and perhaps by mistake of the clerk, rendered against the appellants as securities in the replevin bond. There was no proceeding before the court upon which the judgment against them could be based. But the judgment was not void as to the administrator of Southall, who was the only defendant in the suit."

This action was begun under the Arkansas procedure, and, although the judgment was rendered in the district court after the erection of the state, we should in this case follow the Arkansas rule, and hold that, although said judgment may be void as to the parties not served, yet that it is neither void nor erroneous so as to require a reversal as to the parties served with summons, espe-

cially as the attorney duly authorized appearing for the parties served entered the appearance without authority at the same time for the parties not served. The four parties that were served thereby had knowledge at the time the judgment was rendered that the appearance made for the other parties was void, and now they cannot be heard to complain. *Allen v. McCalla,* 25 Iowa, 464, 96 Am. Dec. 56; *Haven v. Snow,* 14 Pick. (Mass.) 28; *Bierce et al. v. Red Bluff Hotel Co.,* 31 Cal. 161; *Stewart v. Sprague et al.,* 71 Mich. 50, 38 N. W. 673; 3 Am. & Eng. Ency. of Law (2d Ed.) p. 322.

As to the plaintiffs in error the Wheatland Grain & Lumber Company, F. P. Henry, H. E. Green, and G. A. Hosey and any others that were served with summons, the judgment of the lower court is affirmed, and, as to the other plaintiffs in error, the judgment is reversed, with instructions to set aside same and proceed in accordance with law.

All the Justices concur, except HAYES, J., disqualified and not participating.