[No. 3702.]

## PARKS ET AL. v. ROTH.

1. TRIAL—*Offer of Evidence for a Special Purpose.* One offering a deed as color of title merely cannot afterwards invoke it as evidence of title in fact.

2. TAX TITLES—*Void Deed.* A treasurer's deed reciting a sale to the county and an assignment of the certificate of purchase by the county clerk, after the lapse of three years from the sale, is void.

3. QUIETING TITLE—*Limitation.* The five-year statute of limitations (Rev. Stat., sec. 5733) is no plea to a bill to quiet title.

4. —— *Tender of Taxes,* paid by the defendant, is not required prior to the institution of a suit to quiet the title as against one holding under a tax title.

5. —— *Judgment—Record as Evidence.* The mere judgment entry, without the judgment roll, is not admissible as evidence of title.

6. LIMITATIONS—*Payment of Taxes.* Tax deed recorded April 22, 1901. A tax paid in 1902 for the year 1901 is not to be counted as one of the successive yearly payments mentioned in the statute. (Rev. Stat., secs. 4087, 4090.)

7. —— *Color of Title.* A tax deed is not color of title until recorded.

8. —— *Laches—Bill to Quiet Title.* The defendant had made no improvement upon the land nor done any act in respect to it, by reason of plaintiff's failure to bring his action at an earlier day. Held he was not in position to complain of the delay.

*Appeal from Yuma District Court.* HON. H. P. BURKE, Judge.

Mr. R. H. GILMORE for appellants.

Mr. ISAAC PELTON for appellee.

HURLBUT, J., rendered the opinion of the court.

On December 27, 1909, appellee as plaintiff instituted an action against defendants to quiet title to land in Yuma county. Plaintiff recovered judgment, from which this appeal is prosecuted.

Defendants' answer pleads seven defenses, namely: (1) General denial; (2) title under tax deed recorded April 22, 1901; (3) the short statute of limitations, sec. 3904, Mills' Annotated Statutes; (4) decree of the county court of Yuma county quieting title to the land in defendants' grantors as against appellee, who was defendant in the county court proceedings; (5) the seven years' statute of limitations, based upon color of title made in good faith to vacant and unoccupied land, and payment of all taxes legally assessed thereon for seven successive years, sec. 4090, Revised Statutes 1908; (6) laches of plaintiff in not instituting his action to quiet title at an earlier day; (7) the failure of plaintiff, before beginning this suit, to make tender of all taxes paid by defendants.

Plaintiff's replication denies all new matter, and alleges the tax deed pleaded by defendants to be void on its face, stating reasons; that the decree of the county court pleaded by defendants was wholly void for want of jurisdiction in the court of the defendant or of the subject matter; that no summons or process was ever served upon Roth, defendant therein; that the attempted service was by publication, and no affidavit was ever filed in said action, upon which an order of publication of summons could be based, etc.

This appeal can be speedily determined, as substantially all the objections urged by appellants to the proceedings in the trial court have been heretofore passed upon adversely to their contentions, by either our supreme court or this court.

As to the second defense, the tax deed pleaded by defendants to defeat plaintiff's cause of action was not offered in evidence at the trial in proof of their title. It was offered by them, however, and admitted without objection, as color of title only. By not offering in evidence the tax deed as proof of the tax title pleaded, defendants wholly failed to establish that defense. Appellants say that appellee made no attempt to prove any defects in the tax deed, and, as the law presumes a tax deed to be valid unless defects appear therein, appellants' title will be conclusively presumed to be established, etc. Even if we for a moment concede appellants' reasoning to be sound, we at once discover, by an inspection of the tax deed, that it is void on its face for several reasons, one of which is that the land had been bought by the county at the sale, and the county clerk assigned the certificate of sale more than three years thereafter. This fact appeared on the face of the deed. It is unnecessary to cite authorities in this jurisdiction which hold such deeds to be void on their face. Both the supreme court and this court have heretofore held that under issues such as here

formed the failure to offer in evidence, as muniment of title, the tax deed upon which defendants rely for title, is tantamount to a failure to establish such title.—*Empire R. & C. Co. v. Irwin,* 23 Colo. App., 206, 128 Pac., 867, and cases cited.

As to the third defense, pleading the short statute of limitations, *supra,* in bar of plaintiff's cause of action, it is settled in this state that in this kind of an action the same is not available as a plea in bar.—*Munson v. Marks,* 52 Colo., 553, 124 Pac., 187; *Carnahan v. Hughes,* 53 Colo., 318, 125 Pac., 116; *Empire R. & C. Co. v. Mason,* 22 Colo. App., 612, 126 Pac., 1129.

The fourth defense pertains to the county court decree of Yuma county. A certified copy of this decree was offered in evidence at the trial and objected to by plaintiff, for the reason that the same was offered in proof of title without the judgment roll. The objection was sustained. This was not error.—*McLaughlin v. Reichenbach,* 52 Colo., 437, 122 Pac., 47.

The fifth defense was founded upon the seven years' statute of limitations above mentioned. The tax deed was recorded April 22, 1901. The first taxes paid thereafter by defendants were paid in 1902, for the year 1901, followed by payment of taxes, by them, for the years 1903-4-5-6. The payment in 1902 of the taxes of 1901 cannot be counted as payment of taxes for one of the seven successive years mentioned in the statute.—*Evans v. Howell,* 23 Colo. App., 219, 122 Pac., 47. It is clear, therefore, that defendants did not pay the taxes for seven successive years under color of title, which was only obtained upon recording of the deed on April 22, 1901, and that the defense failed of proof.

The sixth defense, pleading laches of plaintiff, is not tenable. Plaintiff proved fee simple title in himself from the government. It is admitted that the land, during all the time subsequent to the recording of the tax deed,

was vacant and unoccupied. That being the case, and neither party being in possession, plaintiff was in constructive possession, which followed in the wake of title from his fee simple ownership. Defendants did nothing on the land from any sense of security resulting from plaintiff's inactivity in failing to assume actual possession. Under these circumstances this defense is not established.—*Warren v. Adams,* 19 Colo., 515, 36 Pac., 604; *Vanderpan v. Pelton,* 22 Colo. App., 357, 123 Pac., 960; *Bush v. Stanley,* 122 Ill., 406, 13 N. E., 249; *Indiana & A. L. & Mfg. Co. v. Milburn,* 161 Fed., 531, 88 C. C. A., 473; *Compton v. Johnson,* 240 Ill., 621, 88 N. E., 991.

The seventh defense, founded upon plaintiff's failure to tender to defendants the taxes and interest paid by them, prior to the beginning of this suit, cannot be upheld.—*Empire R. & C. Co. v. Lanning,* 49 Colo., 458, 113 Pac., 491; *Empire R. & C. Co. v. Irwin, supra.*

The foregoing observations dispose of this appeal adversely to appellants. We find nothing in the record justifying a reversal. The judgment will be affirmed.

*Judgment Affirmed.*