### CHICAGO THEOLOGICAL SEMINARY *v.* GAGE.

*(Circuit Court, N. D. Illinois. May 15, 1882.)*

1. TAXES—ENFORCEMENT OF PAYMENT—OBJECTIONS TO VALIDITY.
   The proceeding to enforce the payment of taxes by a sale of the lots is, in a certain sense, a proceeding *in rem* against the property, but the owner has a right to be heard at the time the judgment is asked for; but if he fails to appear and make known his objections, he is concluded by the judgment.

2. SAME—JUDGMENT—COLLATERAL ATTACK.
   When a tax-payer has been cited, and has had his day in court to say why judgment should not be rendered against his land, he cannot afterwards attack the judgment collaterally.

*David Fales,* for complainant.

*A. N. Gage,* for defendant.

BLODGETT, D. J. This bill was filed on the twenty-second day of April, 1880, to set aside a tax sale as a cloud upon complainant's title. The bill alleges that complainant is owner in fee of certain lots in this city, described in the bill; that in 1874 state, county,

and other taxes, to the amount of $56, were assessed on the lots in question, and on the twenty-fourth of September, 1875, at a tax sale by the treasurer of Cook county, the lots were forfeited to the state for the amount of taxes and costs; that in the year 1875 state, county, city, and other taxes were assessed on the lots to the amount of $117.19; that a large proportion of such levy was illegal, being for items of expenditure by the city of Chicago, for the payment of which the city had no right to appropriate money and levy taxes for the payment of the same; and that the amount of taxes for which the lots were forfeited to the state in 1875 was also extended against them in 1875, with the taxes of the latter year, and that at the tax sale for 1876 the lots were again forfeited to the state; that in 1876 the lots were assessed for the taxes of that year, and the taxes of 1874 and 1875, for which the lots had been forfeited the preceding year, were added to the levy of the latter year; that judgment was entered against the lots for the taxes of 1876, and the back taxes of 1874 and 1875, and on the twentieth of September, 1877, the lots were sold for such taxes and costs, which amounted to $442.61, and defendant Asahel Gage became the purchaser; that the time for redemption had expired, but the purchaser had taken out no deed, but was threatening to do so.

No irregularity or illegality is charged in the levy of such taxes, and the judgments and sales, except that certain of the city taxes were illegally levied; that is, that the city appropriation bill and tax levy contained certain items, making about 13 per cent. of the entire levy for the year 1875, which the city had no right to collect by taxation. Wherefore, complainant claims that the sale is wholly void, and prays to have the same set aside as a cloud upon its title.

To this bill defendant Asahel Gage has filed a plea setting out the levy of the taxes by the proper authorities of the county, city, and town for the years 1874 and 1875; the non-payment thereof; the application for judgment and rendition of judgment in each year, and forfeiture of the lots to the state for want of bidders at the first two tax sales; the levy of the taxes of 1876 and the addition thereto of the amounts for which the lots had been forfeited the preceding years; the non-payment of these taxes; the return of the lots as delinquent for the taxes of 1876; the publication of notice and other steps required for the purpose of making the tax sale; the rendition of judgment, and the sale in pursuance of such judgment, and the purchase of the lots by the defendant for the amount of taxes, interest, and costs adjudged against the lots, and submits that complainant is barred by such judgment from alleging the illegality of a part

of such taxes as a reason for avoiding and setting aside his purchases. The sufficiency of this plea as an answer to complainant's bill is the only question now raised.

A careful examination of the plea shows a full compliance, so far as I am able to note, with all the prerequisites to make a valid tax sale. No appearance was made by the owner of the lots, or any one in his behalf, at the time of the application for judgment, and no objections to the entry of judgment were made. So far as these lots are concerned, judgment, as shown by the plea, was rendered by default, no cause against judgment being shown; but complainant insists that as the supreme court of this state, on appeal, in a case where the owner of lots appeared before the county court on application for judgment and resisted the same by reason of the illegality of certain portions of the levy, decided such tax to be illegal and the whole levy vitiated thereby, therefore these items can now be attacked collaterally and the sale declared void by reason of the illegality of a portion of the tax.

There is no dispute but what a very large proportion of these taxes was lawfully levied and a charge upon this property. The law provides for a hearing as to the validity of taxes at the time the judgment is asked for. The proceeding to enforce the payment of taxes by a sale of the lots is, in a certain sense, a proceeding *in rem* against the property; but the owner has a right to be heard, and if he has any reason to urge against the validity of the tax, or any part of it, it is his duty to make it known then. He has his day in court at that time; and, if he fails to appear and make known his objections, it seems to me, upon every principle of judicial action, he must be concluded and barred by the judgment. After the judgment has been rendered, and the property sold in pursuance thereof, the owner ought not, it seems to me, to be allowed to go behind the judgment and dissect the tax; and if he can find an illegal item of expenditure, for which the municipality has made an appropriation, which has been included in the levy, to have the whole assessment and the proceedings of judgment and sale declared void.

Counsel for complainant relies upon *Belleville Nail Co.* v. *People*, 98 Ill. 399, in which it is said that the "judgment of county court for taxes is not conclusive upon the owner of the liability of the land for taxes assessed on it." In the light of the later cases of *Gage* v. *Busse* and *Gage* v. *Parker*, decided by the same court at its recent term, I do not think that the force should be given to the expression which I have quoted from the opinion above which is claimed by the learned

counsel for the complainant. It must be noted in the first place this case of the *Belleville Nail Co.* v. *People* was where an application was made for judgment, and not a case like this, where the judgment is attacked collaterally. There the owner of the property appeared on the application for judgment and resisted the entry of judgment on the ground of the illegality of the tax, claiming that it, being a personal tax, was not a lien on the real estate which had changed hands; and the expression used in the opinion as to the binding character of a judgment of this kind upon the owner of the property it seems to me is only *obiter*, as it was not necessary for the court to use any such expression in deciding the case as it did. That case was where the owner of the property had appeared and was then resisting the entry of judgment; but here the complainant kept still and allowed judgment to be rendered against the property, allowed the sale to take place and redemption to go by; and now, on the ground that some years before a few items had crept into the appropriation bills of the city which the city had no right to levy a tax for, seeks to go behind the judgment and set aside the tax sale as wholly void. The supreme court, in the later case of *Gage* v. *Parker*, not reported, has almost in express terms, without referring to the *Belleville Nail Co. Case*, overruled the principle asserted in that case, where there is no appearance on application for judgment. It seems to me that when the tax-payer has been cited into court in the manner required by the statute, and has had his day in court to say why judgment should not be rendered against his land, he should not afterwards be heard to attack the judgment collaterally.

This court should, it seems to me, give full force to the judgment of this county court, clothed as that court was with full power to hear and determine every question touching the validity of those taxes.

Every citizen and land-owner knows that his property is subject to the burdens of the government, and is assessed at certain times and under stated forms of proceeding, and if he wishes to resist such charges on the ground of illegal assessment, or for any other reason, he should do it when the court is open to hear him; and if he neglects to appear and show cause against the judgment, and judgment is rendered against the property, I think it must be held conclusive.

I therefore think this plea sufficiently answers the charges of this bill, and an order will be entered to that effect.