## McCARTER v. NEIL.

OVER-DUE TAX LAW: *Decree under not open to collateral attack.*

In an action of ejectment for a tract of land, the plaintiff's title was derived from a sale of the land for taxes under a decree of the circuit court in chancery, exercising its jurisdiction pursuant to a special power conferred by the over-due tax law; and the defense presented by the answer was an alleged payment of the taxes for which the sale was made. *Held:* That the answer was correctly adjudged insufficient, as the decree of the court condemning the land to sale can not be collaterally attacked, and is, so long as it stands unreversed and not vacated, conclusive upon the point that the taxes were unpaid.

APPEAL from *Benton* Circuit Court.

J. M. PITTMAN, Judge.

*E. S. McDaniel*, for appellant.

1. The land commissioner's deed is in form a deed for "forfeited lands," and contains no reference or recitals to any steps taken in the over due tax suit. The deed should show the power and authority of the commissioner to convey. 3 *Wash. Real Prop.*, 3d Ed., 207; *Blackw. Tax Titles*, 405–6, 4th Ed.; *Burrough Tax*, 324–5; 27 *Ark.*, 226; *Rover Jud. Sales*, 2d Ed., secs. 442–3; *Cooley Tax.*, 362; 30 *Ill.*, 119; 32 *Cal.*, 106; 1 *Hill*, 142; 3 *Sumn.*, 318; 1 *S. and M. Ch.*, 518.

2. The commissioner of sale did not certify to the clerk a list of lands struck off to the state, and the clerk filed no such certificate in his office and no copy of such certificate was sent to the land commissioner. *Sec.* 12, *Act March* 12, 1881; *Blackwell on Tax Titles*, Ch. 17, *p.* 366.

3. An owner of lands who has paid the taxes cannot be deprived of them under judicial proceedings of an extraordinary character of which he had no notice or knowledge.

A forfeiture under such circumstances would be a fraud upon the owner and vitiate a subsequent decree of confirmation. 22 *Ark.*, 118.

The case of *Williamson v. Mimms.*, 49 *Ark.*, 336, did not decide this point, for there the land owner *had actual notice* and declined to defend.

*E. P. Watson*, for appellee.

If the deed of the land commissioner was informal no one except the state can complain. The deed is *prima facie* evidence that the law was complied with in all respects, and the former owner being served with process as prescribed by the act, and having had his day in court cannot be heard to object to the decree and sale in a collateral proceeding. The court had jurisdiction, and the decree cannot be attacked except in a direct proceeding or by appeal. The payment of the taxes was no defence. *Williamson v. Mimms.*, 49 *Ark.*, 336.

SMITH, J. This was an action of ejectment for forty acres of land. The plaintiff's title was derived from a sale of the land for taxes, by virtue of a decree of the Benton circuit court in chancery, exercising its jurisdiction pursuant to a special power conferred upon it by the "Overdue Tax Law." At that sale, failing bidders, the land was stricken off to the state; and no redemption having been effected within the two years allowed by law, the state land commissioner sold and conveyed it to the plaintiff and one Bishop. And Bishop afterwards relinquished his interest to the plaintiff.

The substantial defence was an alleged payment of the taxes for the year for which the land was condemned by the tax decree. This defence was presented in the form of an answer and cross-complaint against the plaintiff, praying for the cancellation of his deed and accompanied by a motion to transfer to the equity side of the court.

The answer and cross-complaint were adjudged to be insufficient upon demurrer, and the defendant declining to plead further, final judgment was entered for the plaintiff.

The land commissioner's deed was *prima facie* evidence that the plaintiff had acquired a valid title to the land. Whether the tax decree, which was the foundation of his title, was open to collateral attack and could be treated as a nullity, depended on the circumstance whether or not the court, which rendered it, had jurisdiction over the subject matter and over the parties concerned. For mere errors and irregularities the judgment could be assailed only in a direct proceeding; that is, by petition in the same case to set it aside, or by some proceeding in the nature of a review on error. *Cooley on Taxation*, 2d *Ed.*, 530; *Mansf. Dig.*, sec. 3909; *Webster v. Diamond*, 36 *Ark.*, 532; *Herron v. Dater*, 120 *U. S.*, 464; *Moore v. Woodall*, 40 *Ark.* 42.

The difference between a direct and a collateral attack is

illustrated by the cases of lessee of *Fowler v. Whiteman,* 2 *Ohio St.,* 279, and *Trimble v. Longworth,* 13 *Id.,* 432, where the same decree, rendered upon constructive service, was under consideration.

Now authority over the *res* was conferred on the Benton circuit court by the act of March 12, 1881, entitled " An Act to Enforce the Payment of Overdue Taxes." And authority over the land owner was acquired by the filing of the complaint, stating that taxes were due on this particular tract, and by the publication of the required notice, which took the place of ordinary process to bring the parties into court. Actual seizure and possession of the land by an officer of the court were not directed, but the mere bringing of the suit was by law made equivalent to a seizure, being the open and public exercise of dominion over the land for the purposes of the suit. *Cooley on Taxation,* 525–6 ; *Cooper v. Reynolds,* 10 *Wall.,* 308 ; *Heidritter v. Elizabeth Oilcloth Co.,* 112 *U. S.,* 294.

Being substantially an action in rem, personal service upon the land-owner was not indispenable, but a substituted service might be had, such as was reasonably calculated to bring the proceeding to the knowledge of interested parties. *Cooley on Taxation,* 527 ; *Pennoyer v. Neff,* 95 *U. S.,* 714 ; *Matter of Empire City Bank,* 18 *N. Y.,* 199.

Proceedings to enfore payment of delinquent taxes are always summary and essentially in rem, all persons being presumed to be parties. *McCarroll's Lessee v. Weeks,* 5 *Haywood,* 246.

Such being the essential nature of the tax suit provided for by the overdue tax law, the jurisdiction of the court as to a particular tract was not affected by the fact that the taxes upon that tract had previously been paid. And since the objection does not go to the jurisdiction, the decree of the court, condemning the land to sale, is, so long as it

OVER-DUE TAX LAW: Decree under not open to collateral attack.

stands unreversed and not vacated or set aside, conclusive upon the point that taxes were due. This has been ruled several times in states, which have by statute established judicial proceedings for the enforcement of taxes. *Cadmus v. Jackson*, 52 *Penn. St,*, 295 ; *County of Chicago v. St. Paul & Dulth R. R. Co.*, 27 *Minn.*, 109 ; *Chancey v. Wass*, 35 *Id.*, 1 ; *Chicago Theolog. Seminary v. Gage*, 11 *Bissell*, 289 ; *S. C.* 12 *Fed. Rep.*, 398; *Mayo v. Foley*, 40 *Cal.*, 291 ; *Gaylord v. Scarf*, 6 *Iowa*, 179; *State v. Sargeant*, 12 *Mo. App.*, 228 ; *Knoll v. Woelkin*, 13 *Id.*, 275.

The previous decisions of this court are to the same effect. *Wallace v. Brown*, 22 *Ark.*, 118, was an action of ejectment, in which the plaintiff's title consisted of a collector's tax deed, fortified by a decree of confirmation, rendered by default, without actual service of process. The defendant was the owner of the land at the time of the sale, and had paid the taxes for which the land was sold, and held the collector's receipt. And the decision was that, although a sale of land after payment of the taxes was without power and a fraud upon the owner's rights, which fraud entered into and vitiated a decree of confirmation, yet iu a collateral suit the owner would not be permitted to go behind the decree and introduce evidence of payment before the sale. Chief Justice English, speaking for the court, remarked that the "existence or validity of the debt, or demand upon which the suit is founded, at the time of rendering the judgment or decree, is not the criterion of jurisdiction."

*Williamson v. Mimms*, 49 *Ark.* 336 ; *S. C. 5 S. W. Rep.*, 329, was ejectment by plaintiffs claiming under the land commissisner's deed, based upon a forfeiture and decree in an overdue tax suit; and the same was by the defendant's answer and cross-complaint, converted into an equitable action. The court said : " As to the fact of payment of the taxes being in itself a defence to the action, we think it was not

available, as such, to the defendants, and evidence to prove the fact was wholly inadmissible. The decree of that court, that the taxes had not been paid, is conclusive upon the court and parties in this cause. It was a question proper for that court to decide, and the decision, if erroneous, could be corrected only upon a rehearing in that court, or upon appeal of the proceedings to this court."

Judgment affirmed.