## DOYLE *v.* MARTIN.

Decided October 24, 1891.

1. *Overdue tax suit—Conclusiveness of decree.*

The decree of a chancery court in an overdue tax suit, holding that the taxes on certain land have not been paid, cannot be assailed collaterally by proof that the land was twice assessed under different descriptions, under one of which the taxes were paid.

2. *Description of the land.*

It is no valid objection to an overdue tax proceeding against land owned by one person, that it was described, not separately, but as portion of a larger tract owned by different persons.

3. *Construction of act of January 26, 1883.*

   The act of January 26, 1883, extending time for payment of taxes of 1880 and 1881 until April 20, 1883, does not invalidate proceedings under the overdue tax act to collect such taxes had subsequent to April 20, 1883.

4. *Overdue tax act—Repeal.*

   Repeal of the overdue tax act did not affect pending proceedings.

5. *Sale to State—Deed.*

   No deed was necessary to convey to the State the title to land sold under the overdue tax act.

6. *Overdue tax sale—Confirmation.*

   Confirmation of an overdue tax sale was not required by the act to be made after expiration of two years from the date thereof, the period allowed for redemption, but could have been made before that time.

APPEAL from *Pulaski* Circuit Court.

JOSEPH W. MARTIN, Judge.

### STATEMENT BY THE COURT.

Martin brought this action in the Pulaski circuit court against W. D. Holtzman and Moses Dixon, to recover the north half of the northeast quarter of the southwest quarter of section 8, in township 1 north, in range 11 west. He claimed to be the owner of the land by virtue of a deed executed to him on the 7th day of January, 1887, by the commissioner of state lands, and made the deed an exhibit to his complaint.

It is stated in the deed that a decree was rendered by the Pulaski chancery court against this land, condemning it to be sold on the 2d of November, 1883, on account of the non-payment of taxes charged against it; that it was offered for sale on the day appointed and stricken off to the State, and certified to the commissioner of state lands; and that, not having been redeemed within the time prescribed by law, it had been purchased of the State by Martin. After these recitals the commissioner then conveyed, by the deed to Martin, all the right, title, claim and interest of the State of Arkansas in and to the land above described.

Henry W. Long, claiming to be the owner of a part of the land sued for, was made a defendant in the action. He filed

an answer in which he claimed to have four defenses against the action, which are substantially as follows :

First.  He is the owner of a portion of the land in controversy, and caused the same to be assessed and taxed by metes and bounds, and paid the taxes charged against it for every year since 1875, including the taxes of 1880 and 1881. Under the description of the north half of the northeast quarter of the southwest quarter of section 8 in township 1 north, in range 11 west, it was, with other land, placed upon the assessment and tax-books of 1880 the second time, and was returned delinquent but not sold ; and under the same description was put on the assessment and tax-books of 1881 for the second time, and was again returned delinquent, notwithstanding it had been separately assessed and taxed by metes and bounds, and he had paid the taxes charged against it by such metes and bounds for said years 1880 and 1881 before it was returned delinquent.  After this, on the 14th of October, 1882, proceedings were instituted against the north half of the northeast quarter of the southwest quarter of section 8, in township 1 north, in range 11 west, under an act of the general assembly entitled "An act to enforce the payment of overdue taxes," approved March 12, 1881, to enforce the payment of the taxes charged against it for the years 1880 and 1881.  A decree was rendered against it in such proceedings, on the 9th day of July, 1883, condemning it to be sold for such taxes on the 2d day of November, 1883.  After notice of the sale was first given by publication the land was offered for sale, and, no one offering to purchase, was struck off to the State, and, having been certified to the commissioner of state lands, was subsequently sold to Martin, as stated in his complaint.

Second.  There was no proper notice given of the proceedings instituted under the act of March 12, 1881, " designating the land by any proper description, so that " Long " could know that his lands were being proceeded against." The description by which it was assessed the second time and returned delinquent was a false and fraudulent descrip-

tion. The land had been assessed and taxes had been charged against it "by and under a different and true description," and all the taxes assessed against it had been paid according to such description.

Third. The general assembly, on the 26th day of January, 1883, extended the time for paying the taxes of 1880 and 1881 until the 20th of April, 1883, and forbade all proceedings for the recovery of such taxes in the meantime, and provided that, if such taxes were not paid within the time allowed, they should be collected in the manner prescribed by law. In pursuance of the act extending the time of payment, the land, described as it was when assessed the second time and returned delinquent, was again put on the tax-books for the purpose of collecting the taxes charged against it for the years 1880 and 1881, as well as the taxes of 1882, and, the taxes and penalty not having been paid, was again returned delinquent, but was not sold under the general revenue act. In the meantime, on the 17th day of February, 1883, the act of March 12, 1881, was repealed.

Fourth. The land sued for has never been conveyed by deed to the State, and the sale on the 2d of November, 1883, was not confirmed by the court after two years from the day of sale had expired.

Asking that his answer be taken as a cross-bill, and that the proceedings of the court condemning his land to be sold for taxes and the deed of the commissioner of state lands to Martin be declared null and void and set aside, he prayed that this action be transferred to the chancery court.

The defendant Long having died leaving a last will and testament whereby he devised the land in controversy to Julia M. Long, this action was revived, by consent of all the parties, against Thomas Doyle, as his administrator with the will annexed, and Julia M. Long, his devisee. Plaintiff demurred to the answer. The demurrer was sustained by the court, and Doyle, as administrator, and Julia M. Long declining to plead further, and the other defendants having made no appearance, judgment was rendered in favor of the

plaintiff for the recovery of the land; and the defendants appealed.

*Sol F. Clark* for appellants.

1. The decree in the overdue tax suit is not conclusive against the plea of payment of taxes prior to such decree, nor is it so decided in 47 Ark., 323, and 49 *id.*, 336.

2. The double assessment and levy were such a fraud or mistake on the part of the taxing power as to render the proceedings void. 2 Desty, Tax., sec. 118; Cooley, Tax., pp. 544-577; 1 Munf., 419; 11 Md., 186; 25 Md., 153; 17 Cal., 149; 48 N. Y., 173; Freeman on Judg., sec. 99; 5 El. & Bl., 301; Freem., Judg., 486-9. Long nad no notice whatever, for the lands were falsely described. Wade on Notice, secs. 1098–9, 1148, 1136.

3. The act extending the time took these lands out of the overdue tax proceedings.

4. There was no deed to the State and no confirmation of the sale. Secs. 15 and 18, act 1881.

*Ratcliffe & Fletcher* for appellee.

1. A decree under the overdue tax law is conclusive against the defense of payment of taxes. 49 Ark., 336; 50 *id.*, 188; 53 Ark., 449; *ib.*, 445.

2. No fraud is charged against Martin. He is an innocent purchaser from the State for value. 36 Ark., 543; 40 Ark., 48; 49 Ark., 416.

BATTLE, J., after stating the facts as above reported.

First. The act of March 12, 1881, expressly provided that when a complaint, asking that a lien may be fixed on land for overdue and unpaid taxes by the decree of the court, and for the enforcement of the lien, had been filed in the proper court having jurisdiction, the clerk of the court should enter on the record of the court an order describing such land, and requiring all persons having any right or interest in the land to appear within forty days after the date of the order and show cause, if any they could, why a lien should not be declared on the land for unpaid taxes, and the land sold for the non-pay-

1. Conclusiveness of decree in overdue tax suit.

ment thereof, and that he should cause a copy of the order to be published, in a newspaper published in the county, if there be one, and, if there be none, cause the copy to be posted on the door of the court-house of the county; and that such publication should be notice to all the world of the contents of the complaint and the proceedings under it; and further provided that any such person might appear and show that the taxes on the land, or any part thereof, had been paid, or that the lands were exempt from taxation; and that, at the end of the forty days, the cause should stand for hearing, and the court should determine the amount of taxes of various kinds that were due on the lands, if any, and the penalties and costs that might be lawfully due, and to whom the taxes were payable, and should decree payment thereof accordingly. One of the objects of such proceedings was to ascertain what taxes were lawfully due on the lands against which the proceedings were instituted. In doing so the court must necessarily have found that the taxes ascertained to be lawfully due were unpaid. It could not have found that the taxes were lawfully due unless it did so. In order to accomplish this object the notice was given, and anyone interested, who could, was given an opportunity to come in and show that the taxes on the land, or any part thereof, had been paid. Why should this notice have been given if anyone could have disregarded it, and, after the court had determined the amount of taxes lawfully due, and ordered the land sold to pay them, and the sale had been made and confirmed, can defeat the recovery of the land by the purchaser, in an action like this, by showing that such taxes had been paid? If this can be done, so much of the act as provided that notice and an opportunity should be given to all persons interested to show that the taxes have been paid, was a useless requirement, and a decree rendered in conformity with that act would not be conclusive as to the facts which the court necessarily found before it could have ordered the sale, or as to any meritorious defense. If this be true, such decrees have failed to accomplish their chief object. But it is

not. In this State it is well settled that a final decree rendered by a court having jurisdiction, condemning land to be sold to pay taxes, in a proceeding in conformity with the act of March 12, 1881, so long as it stands unreversed and not vacated or set aside, is conclusive as to the non-payment of taxes. *Williamson* v. *Mimms*, 49 Ark., 336; *McCarter* v. *Neil*, 50 Ark., 188.

Appellants insist that the assessment of the land in controversy under two different descriptions, and the return of the same delinquent by the collector after Long had paid the taxes on it, was a fraud or mistake, and rendered the proceedings against it under the act of March 12, 1881, void. It may be admitted that this was a wrong, as it was, but how it could affect the proceedings against the land under the act of March 12, 1881, we cannot see. In the enactment of the act of March 12th, the legislature foresaw that proceedings might be instituted under it against lands on which the taxes had been paid, and provided for relief in such cases. Notice of the institution of the proceedings was required to be given to all persons; and it was provided that any person interested might show, in bar of the proceedings, that the taxes on the land had been paid. The manifest intention of the act was to set at rest, among other things, all controversies about the payment of the taxes, and to afford relief against such wrongs as the appellants now say they have suffered. They are therefore estopped by the decree against the land from setting up such complaints in this action.

Second. But appellants say that the decree against their land was void, because " no proper notice " was given of the proceedings against it " by any proper description, so that the owner could know that his lands were being proceeded against." By this contention we understand them to say that the particular tract of land owned by them should have been separately described, and not described, with other lands, as the north half of the northeast quarter of the southwest quarter of section 8, in township 1 north,

2. Description of the land.

in range 11 west. But they have no right to complain of this description. It was a correct description of the land proceeded against. Henry W. Long, who was the owner at the time, ought to have known that his land was a part of that tract of land, and governed himself accordingly. The description did not affect his right to relief in the proceedings. If he did not acquire actual knowledge of the pendency of the proceeding, it was by reason of his failure to avail himself of the means of information provided for him. He nevertheless had constructive notice, and he and those claiming under him must suffer the consequences of his negligence.

3. Act Jan. 26, 1883, construed.

Third. The act of January 26, 1883, only extended the time for the payment of the taxes for the years 1880 and 1881 until the 20th day of April, 1883, and prohibited any distress or proceeding to compel payment of such taxes being taken until that day. It and the act of February 12, 1883, supplemental thereto, did not undertake to provide any mode in which such taxes should be collected if they were not paid within the additional time allowed, but left them to be collected in the manner then provided by law. One of those modes was provided by the act of March 12, 1881.

4. Effect of repeal of overdue tax act.

The fact that this act was repealed by the act of February 17, 1883, did not affect proceedings pending under it. *State ex rel. Marion County* v. *Certain Lands*, 40 Ark., 35.

5. Sale to State—Deed.

Fourth. No deed was necessary to convey the title to the land to the State. *Neal* v. *Andrews*, 53 Ark., 445.

6. Confirmation.

Confirmation of sale was not required to be made *after* the expiration of two years from the date thereof, but could have been made before. It did not affect the right of redemption. Acts of 1881, p. 70, secs. 14 and 15.

Judgment affirmed.