JEFFERSON LAND COMPANY *v*. GRACE.

Opinion delivered March 11, 1893.

1. *Overdue tax sale—Notice of latent defects.*

The fact that the collector of taxes noted on the tax book that the taxes on a tract of land for a certain year were "paid" would not impart notice to a purchaser of such land at overdue tax sale that the taxes on the land for that year were paid, where the collector made return of the land as delinquent for that year, since his return is an evidence of equal dignity with the tax book and contradicted the statement of the latter as to the fact of payment.

2. *Conclusiveness of overdue tax decree.*

A purchaser under an overdue tax proceeding, regular upon its face, will be justified in taking the decree condemning the land as conclusive evidence that the tax was due, without looking at the tax books of the county to see whether the taxes were in fact paid.

3. *Possession—No evidence of title, when.*

Continued possession by the former owner of land sold for taxes under an overdue tax decree is no notice, to one who purchases the land before the period of redemption expires, of any infirmity in the decree, since such possession is not inconsistent with the purchaser's right.

4. *Judicial sale—Voidable for fraud.*

A sale under an overdue tax decree procured by fraud is not void, but only voidable as against persons claiming under it with notice of the fraud.

5. *Innocent purchaser—Vendee protected.*

The vendee of a *bona fide* purchaser of land at an overdue tax sale is entitled to protection against latent equities, regardless of his notice of such equities.

Appeal from Jefferson Circuit Court in Chancery.

JOHN M. ELLIOTT, Judge.

W. P. Grace and two others brought suit in equity against the Jefferson Land Company, to cancel a decree and sale of land in an overdue tax proceeding.

The complaint alleged that on August 22, 1881, the county court of Jefferson county ordered suit to be brought against the forfeited lands of the county, under the overdue tax act, and appointed Jones & Prigmore attorneys to bring such suit. That a complaint was filed alleging that the land in controversy in this suit was forfeited to the State for taxes of 1870; that the taxes were due and unpaid for that year, but that the forfeiture was void ; and prayed that the forfeiture be set aside and the tax declared a lien, and the land sold for its payment. That on December 23, 1882, a decree was duly rendered in said overdue tax suit setting aside the forfeiture, declaring the said tax a lien, and condemning the land to be sold to satisfy the lien. That on February 20, 1883, the land was sold by virtue of a decree to Met L. Jones, of the firm of Jones & Prigmore above mentioned, and the sale duly approved by the court ; and said Jones, for a valuable consideration assigned the certificate of purchase to John B. Jones. That, the land not being redeemed, the commissioner appointed in said decree executed to John B. Jones a deed of conveyance on such assigned certificate of purchase, conveying the land to him, which deed was approved by the court and recorded. That John B. Jones sold and conveyed the same to the defendant, the Jefferson Land Company. That Grace owned the land, and paid the taxes of 1870 in due time ; and that the collector, in addition to giving his receipt therefor at the time aforesaid, marked said taxes "paid" upon the tax books of the county, then in his custody for the collection of taxes. That Grace was in possession of the land during the pendency of the overdue tax suit, and knew nothing of that suit until shortly before the filing of this bill. That plaintiffs are and have been for years in actual possession of the land.

The complaint alleged that the deed to defendant is a cloud on title of plaintiff. That the decree in the over-

due tax suit and sale were fraudulent for the following reasons :

1.   Because it was not true that the taxes were due on the land as alleged in the complaint in the overdue tax suit, but the taxes had been paid.

2.   The overdue tax act had been repealed before sale took place, and the court had no jurisdiction to confirm the sale.

The complaint therefore prayed that the decree and deeds be set aside.

Defendant demurred to the bill, which demurrer was overruled.   Thereupon he answered, admitting that a decree had been legally rendered in said overdue tax case against said land, ordering it sold; that it was legally sold to M. L. Jones, and the sale approved by the court ; that the land was not redeemed, and that M. L. Jones, for a valuable consideration, assigned the certificate of purchase to John B. Jones; that the commissioner appointed by the decree conveyed said land to John B. Jones, and that said conveyance was duly approved by the court; that John B. Jones, prior to the purchase of said certificate of purchase, carefully examined the records of said overdue tax proceeding, and could find no claim of said Grace or any other person to said land, nor any evidence that the taxes had been paid ; that he conveyed the same to the defendant, representing that he had so examined the records of said county, and that the proceeding was regular ; that defendant paid for the land without any knowledge of the claim that the taxes had been paid, and was an innocent purchaser.

The printed abstracts state that the sale to Met L. Jones under the overdue tax decree occurred the 20th of February, 1883 ; that he transferred his certificate of purchase to John B. Jones on the 25th day of March, 1885; and that the sale was not confirmed until the 21st day of May, 1885.

The cause was tried upon an agreement that all the allegations of fact, made in the complaint and answer, shall be taken as true for the purpose of the trial. There was no other evidence introduced.

The court found that the taxes due on the land for the year 1870 were paid by plaintiff, Grace, and held the overdue tax decree and sale thereunder void. Defendant has appealed.

*John B. Jones* and *Auten & Moss* for appellant.

No new fact is alleged which might not have been made a defense to the overdue tax suit. Having had due notice to appear and defend in that suit, the decision therein is conclusive. 49 Ark. 345; 55 Ark. 37. The Jefferson Land Company is a stranger to the overdue tax suit, and, as to it, this is a collateral attack upon a domestic judgment. 49 Ark. 412; 39 Ill. 256; 43 Cal. 644. That the taxes have been paid is no defense. 49 Ark. 346; 50 *id.* 188. Appellant is an innocent purchaser at a judicial sale duly confirmed, and is protected by the decree. 18 Ark. 172; 17 *id.* 146; 23 *id.* 69; 41 *id.* 316. When a court has once obtained jurisdiction, then it matters not what errors may intervene, the title of the purchaser under the decree is protected. 131 Ill. 168; 20 Ark. 583; 39 Ill. 256; 43 Cal. 643; 28 Ill. 108; 41 La. 553; 90 Mo. 676; 30 Fed. Rep. 332.

*A. B. Grace* for appellee.

1. Appellant not an innocent purchaser. Possession is notice to the world. 16 Ark. 375; 47 *id.* 549; 33 *id.* 465.

2. The answer does not deny that J. B. Jones or the appellant had notice of appellant's equities. This is fatal. 30 Ark. 267; 21 *id.* 22.

3. Met Jones was the attorney of the plaintiff, and is charged with notice of the fraud. 21 Ark. 35; 33 *id.*

575; Jones Mortg. secs. 584, 646; 27 Iowa, 239; 47 Ark. 227; 53 *id*. 137.

4. The facts show the decree was obtained by fraud. 22 Ark. 121; 7 *id*. 167; 50 *id*. 224; 40 *id*. 403; 33 *id*. 575.

MANSFIELD, J. The object of this suit, as stated in the brief of counsel for the appellees, was to avoid the tax decree under which the lands were sold, on the ground that it was obtained by fraud. But we need not consider whether the admitted facts sustain the charge of fraud, unless they also entitle the appellees to relief against the defendant land company; and it is well settled that the latter is entitled to be protected in its purchase of the lands, if they were sold to its vendor, John B. Jones, under such circumstances as to make him an innocent purchaser. *Fargason* v. *Edrington*, 49 Ark. 217. It is conceded that he paid a valuable consideration for the right he acquired as the assignee of Met Jones, the original purchaser; and it is not claimed that, at the time of making such payment, he had any actual knowledge of the facts relied upon as constituting the alleged fraud. But Grace was then in possession of the lands, and the collector's books showed that the tax for which the sale was made had been paid; and it is urged that these circumstances were sufficient to charge John B. Jones with notice of Grace's right to avoid the sale. This position is untenable for the following reasons: (1) We must presume, from what appears in the abstracts, that the lands had been returned delinquent for the tax for which they were sold; and the record of that delinquency was an evidence of equal dignity with the collector's book, and contradicted the statement of the latter as to the fact of payment. (2) It is admitted that the record of the tax proceeding, examined by John B. Jones before his purchase, was regular on its face. The law did not therefore require him to look beyond it; and

1. As to validity of over-due tax sale.

2. Conclusiveness of decree.

he was justified in taking the decree condemning the land to sale as conclusive evidence that the tax was due. *McCarter* v. *Neil*, 50 Ark. 188 ; *Doyle* v. *Martin*, 55 Ark. 43. (3) As Grace's possession of the lands during the period allowed for redemption was entirely consistent with the tax purchaser's right, it cannot be regarded as notice to John B. Jones of any infirmity in the decree, for he bought before the period of redemption had expired.

3. Possession as evidence of title.

It is said, however, that he acquired no better right than that of his assignor ; and that the latter, having acted as the State's attorney in prosecuting the tax suit, is charged with notice of whatever affects the validity of the sale. But as the State itself could, under the overdue tax law, have bought the land, its attorney was also a competent purchaser ; and, conceding that the decree was procured by fraud, the court had jurisdiction to render it, and the sale was not void, but only voidable as against persons claiming under it with notice of the fraud. 2 Freeman, Judg. sec. 509.

4. Judicial sale voidable for fraud.

As the court confirmed the sale, it became effectual to pass the legal title to John B. Jones, as the assignee of Met Jones, on the expiration of the period of redemption closer (*Nicklase* v. *Morrison*, 56 Ark. 553) ; and as John B. Jones was a *bona fide* purchaser, his vendee, the Land Company, is entitled to all the protection accorded to such a purchaser, whether it had notice of Grace's equity or not. *Fargason* v. *Edrington*, 49 Ark. 216. The appellee's attack upon the tax decree is, therefore, as to the Land Company, a collateral one ; and the decree is not open to such an attack except for the want of jurisdiction in the court that rendered it. *Boyd* v. *Roane*, 49 Ark. 412. But the court's jurisdiction is objected to only upon grounds which have been repeatedly held insufficient to defeat it. *Williamson* v. *Mimms*, 49 Ark.

5. Title of innocent purchaser protected.

345; *McCarter* v. *Neil*, 50 Ark. 188; *Doyle* v. *Martin*, 55 Ark. 37.

The decree appealed from must therefore be reversed, and the complaint dismissed.