# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS.

## STREETT v. REYNOLDS.

### Opinion delivered October 10, 1896.

OVERDUE TAX DECREE—CONCLUSIVENESS.—All questions relating to the regularity of the assessment of lands for taxation, the amount of taxes assessed against them, and the payment thereof, are concluded by a decree of confirmation of the lands in an overdue tax suit, and the decree is not open to collateral attack.

LIMITATION OF ACTION—JUDICIAL SALES.—An action to remove a cloud upon the title of land sold at overdue tax sale is not an action for the recovery of land, within section 4818, Sand. & H. Dig., providing that actions for the recovery of land sold at judicial sale shall be brought within five years after the date of sale.

SAME—WHEN STATUTE RUNS.—Where no one is in actual possession of land, the constructive possession follows the legal title, and the statute of limitation does not run in favor of another.

CIRCUIT COURT—ADJOURNED TERM.—An adjourned term of the circuit court fails when the regular judge, at the time fixed for holding such term, is engaged in holding court in another county of his district.

Appeal from Chicot Chancery Court.

J. G. WILLIAMSON, Special Chancellor.

### STATEMENT BY THE COURT.

This is a bill to remove a cloud from the title to the west part of the northeast quarter of section 22, township 17 south, range 2 west, 7.70 acres, and the north half of the northwest quarter of section 22 in the same township and range, 69.80 acres, both of which tracts

were wild and uncultivated, and not in the actual possession of any one, when this suit was brought.

The facts, as found by the chancellor, are that a decree of condemnation, under the overdue tax act, was rendered at the January term, 1882, by the Chicot circuit court in chancery, based upon an arbitrary valuation of the lands condemned for sale, and not on the valuations placed on them by the assessor before the forfeiture, or by order of court; that said decree, rendered at the January term, 1882, was set aside and held for naught at the July term, 1882, on the 25th of September, 1882, (which was an adjourned term of the court) as to the N. ½ N. W. ¼ section 22, township 17 south, range 2 west, but not as to the 7.70 acre tract. At said adjourned term, said tract in section 22, under order of the court, was re-assessed by the assessor, and the court decreed said lands to be sold for the taxes, etc., and it was sold and purchased by the defendant, the appellee.

Each of the said sales was reported to and confirmed by the court at said adjourned term, and the sale of the 7.70 acre tract was subsequently confirmed by the court at the July term, 1888, which was held by the regular judge; and the deed for the 69.80 acre tract was approved at the July term, 1885.

The adjourned term of the Chicot circuit court, at which the tract, N. ½, N. W. ¼, 22, was ordered to be sold, and at which the sale was confirmed, was held by a special judge, and at the time it was held (25th September, 1882), the regular judge of that circuit was holding a regular term of the Bradley circuit court, *i. e.*, on the 25th day of September, 1882, the day to which the Chicot circuit court had been adjourned by the regular judge on July 15, 1882.

More than five years had elapsed since the date of the sale of said lands before this suit was brought, and neither party was in the actual possession of said lands.

The chancellor held that the decrees under which said sale took place were void, and that the deeds for the same to the defendant were void, but that the plaintiff was bound by the five years' statute of limitations. The plaintiff appealed.

*W. B. Streett, pro se.*

The decree as to and sale of the 7.70 acre tract are void, because:—

1.  The description is too uncertain.  Rorer, Jud. Sales, sec. 500; 50 Ark. 484; 59 *id.* 460; 56 *id.* 172.

2.  There was an illegal levy of taxes.  32 Ark. 502; 48 *id.* 370.  And a sale for illegal and excessive taxes. 32 Ark. 676; 33 *id.* 690; 37 *id.* 649.

3.  The last sale of the N. $\frac{1}{2}$, N. W. $\frac{1}{4}$, section 22, was void for want of power in the special judge who presided.  The proceedings were *coram non judice*, and void.  48 Ark. 227; 47 *id.* 323; 49 *id.* 336.

4.  The statute of limitations of five years does not apply, unless the purchaser has possession.  Rorer, Jud. Sales, p. 67, sec. 149; *Ib.* secs. 141, 488.  This is not an action for the *recovery* of land.  Sand. & H. Dig., sec. 4818; Cooley, Tax., p. 520; 31 Ark. 275.  From a void sale the statute does not run unless actual possession is taken.  57 Ark. 527; 53 *id.* 404; 50 *id.* 390; 24 *id.* 392; 54 *id.* 641.

*D. H. Reynolds, pro se.*

1.  The decree of confirmation was final, and cuts off all questions of irregularity, unless appealed from. 44 Ark. 273; 40 *id.* 35; 47 *id.* 323; 49 *id.* 326; 55 *id.* 37; 57 *id.* 423.

2.  If we concede that the decree, made at the adjourned term, was void, still it was sufficient to put the statute of limitation in motion.  49 Ark. 248.

3.  The decision in 48 Ark. 227 does not correctly interpret the law.  See 115 N. Y. 185–9; 2 Cowen, 445;

49 Ark. 227; Mansf. Dig. secs. 1355, 1476, 1481; 34 Ark. 578; 39 *id.* 479; 32 *id.* 280; 39 *id.* 449; 24 Kas. 214.

Conclus-
iveness of
overdue
tax decree.

HUGHES, J., (after stating the facts). All questions of irregularity merely in the assessment of these lands for taxation, and as to the amount of taxes assessed against them, and as to whether the taxes had been paid, etc., are conclusively presumed to have been litigated and settled when the decrees of condemnation were rendered, and these decrees cannot be attacked collaterally on the grounds of error in these respects, as they, if erroneous, might have been corrected upon appeal. *Doyle* v. *Martin*, 55 Ark. 37; *Williamson* v. *Mimms*, 49 Ark. 336; *Jefferson Land Co.* v. *Grace*, 57 Ark. 423.

The decree for the sale and the last decree confirming the sale of the 7.70 acre tract were made at a regular term of the Chicot circuit court, and these decrees are valid, and the sale of this tract carried the title.

Limitation
as to judicial
sales.

As this is not an action for the recovery of land, within the meaning of section 4818 of Sandels & Hill's Digest, the five years statute of limitations is not applicable to this case.

When
statute does
not run.

Besides, the sale of this tract being valid, the legal title passes to the appellee by virtue of it, and, no one being in actual possession, the constructive possession follows the legal title, and the statute did not run. *Gates* v. *Kelsey*, 57 Ark. 527. The decree as to the 7.70 acre tract is affirmed.

When
adjourned
term of
court fails.

The sale of the N. ½, N. W. ¼, 22, 17 S., 2 W., and the confirmation, were decreed by a special judge of the Chicot circuit court, on the 25th of September, 1882, to which day said court had been regularly adjourned at the regular July term thereof on the 15th of July, 1882, the regular judge presiding. At the time the decrees for sale and confirmation of this tract were made, the

regular judge of that circuit was holding a regular term of the Bradley county circuit court, to-wit, on said 25th day of September, 1882. The decrees for the sale and confirmation of this tract are void for the want of jurisdiction of the special judge to hold said adjourned term of the Chicot circuit court. We adhere to the decision in *State* v. *Williams*, 48 Ark. 227, where it is held that a circuit court may lawfully adjourn its sittings to a distant day, but that when that day arrives and the regular judge is detained by his judicial duties in another county of his circuit, the adjourned session necessarily fails.

The decree as to the N. ½, N. W. ¼, 22, 17 S., 2 W., is reversed, and the chancery court is directed to enter a decree confirming the appellant's title.