## WAGNER *v*. ARNOLD.

Opinion delivered June 21, 1909.

TAXATION—OVERDUE TAX SALE—CONCLUSIVENESS.—Where proceedings were regularly had under the overdue tax act of March 12, 1881, resulting in a sale of land for taxes under the orders of the court, which was confirmed, all persons interested in such land were thereafter precluded from attacking such sale on account of defenses which could have been set up in such proceedings.

Appeal from Little River Chancery Court; *James D. Shaver,* Chancellor; affirmed.

*L. A. Byrne,* for appellant.

1. The sale of the land under the overdue tax act was a fraud on the part of the State. 75 Ark. 415; 44 Ark. 452; 49 Ark. 87. There were no intervening equities after the donation to the date of the conveyance to Jones. 76 Ark. 450; *Id.* 551.

2. The court had no jurisdiction under the overdue tax act, and its decree is void. 70 Ark. 207; 82 Ark. 295.

*E. F. Friedell,* for appellee.

1. The proceedings of the Little River court could only be reviewed on appeal. Appellants are estopped and barred by the sale under the overdue tax law. 50 Ark. 190; 49 Ark. 343; 72 Ark. 112.

2. The court had jurisdiction. 52 Ark. 400; 75 Ark. 9.

BATTLE, J. This suit involves the title to a certain tract of land. The appellant, William A. Wagner, claims it under a deed executed by James R. Berry, Auditor of Public Accounts of the State of Arkansas, on the 21st day of June, 1871, whereby the State conveyed to the appellant all its right, title and interest in and to the land in controversy as a donation, upon condition that he "will regularly and annually pay or cause to be paid the State and county taxes which shall thereafter accrue upon the land." The appellee, John H. Arnold, claims the land under a sale thereof made on the 8th day of November, 1882, under a decree of the Little River Chancery Court rendered in the exercise of the jurisdiction vested in it by an act entitled "An act to enforce the payment of overdue taxes," approved March 12, 1881. The land was sold under the decree to enforce the payment of the taxes for the years 1868-69-70-71. Treating the sale as ordered by the court in the exercise of its jurisdiction and regularly made according to the decree of the court and the law and approved, did it divest the appellant of the title to the land? The trial court held that it did.

This question has been decided in the affirmative by this court in *Williamson* v. *Mimms,* 49 Ark. 336, and *McCarter* v. *Neil,* 50 Ark. 188. In those cases the defendants sought to defeat the sales made under decrees of the court in the exercise of the jurisdiction vested in it by the act of March 12, 1881, to pay taxes, by showing that the taxes for which the sales were made had been paid before the institution of the action in which they were

ordered sold. This court treated the proceedings instituted under the act of March 12, 1881, as actions *in rem,* in which all persons interested in the lands affected were concluded by the decrees and orders of the court made and rendered in the exercise of its jurisdiction. The effect of this ruling was to hold that the decrees in those cases estopped or barred persons interested from attacking sales thereunder on account of defenses which they could have set up in the action *in rem* in which such decrees were rendered. So in this case the appellant is barred from attacking the sale under which appellee claims by his failure to defend in the action in which the sale was made, the court rendering the decree having acquired jurisdiction of the land in that case. *McCarter* v. *Neil,* 50 Ark. 191; *Clay* v. *Bilby,* 72 Ark. 101, 112. The existence of the facts in that case which this court has held confer jurisdiction has not been questioned; neither has the regularity of the sale in that case been challenged.

Decree affirmed.