PATTISON *v.* SMITH.

Opinion delivered April 25, 1910.

1.  LEVEES—CONCLUSIVENESS OF TAX SALE.—Where the land of a nonresident was proceeded against for levee taxes, and was sold under a decree which recited that published notice was given as required by the statute, such recital is conclusive upon a collateral proceeding. (Page 591.)

2.  SAME—DECREE ENFORCING LIEN—COLLATERAL ATTACK.—Under Acts 1895, p. 89, providing that suits to enforce the lien of the St. Francis Levee

District on lands for levee taxes shall be *in rem,* and that "it shall be immaterial that the ownership of said lands may be incorrectly alleged," a decree enforcing such lien is not subject to collateral attack because the nonresident owner of a delinquent tract of land was not named as a party defendant to the suit. (Page 592.)

3.  SAME—DECREE ENFORCING TAX LIEN—IMPEACHMENT.—A decree based upon constructive service of process, enforcing the lien of the St. Francis Levee District for taxes alleged to be due on land is conclusive upon all persons who have or claim any interest in the land, and cannot be impeached collaterally by showing the actual payment of the taxes for which the land was condemned. (Page 592.)

4.  JUDGMENTS—IMPEACHMENT FOR FRAUD.—A judgment or decree cannot be impeached for fraudulent acts or testimony, the truth of which was or might have been in issue in the proceeding which resulted in the judgment assailed, but must be impeached by proof of a fraud practiced in the procurement of the judgment itself. (Page 593.)

Appeal from St. Francis Circuit Court; *Hance N. Hutton,* Judge; affirmed.

*Calvin Perkins* and *John Gatling,* for appellant.

In determining whether or not a deed sufficiently describes land, it will be considered in connection with the plats of the government survey. 73 Ark. 221; 40 Ark. 237; 68 Ark. 554. The act of April 2, 1895 (p. 91), contains no limitation upon the right to attack a decree that is void for want of jurisdiction. 83 Ark. 544. If the decrees were not void on their face, plaintiff has the right to attack them in equity for fraud or mistake. 70 Ark. 157.

*Norton & Hughes,* for appellees.

The motion to transfer to equity was properly denied. 72 S. W. 992; 71 Ark. 222. There is no room for either to have an equitable title. 56 Ark. 391. The case was properly kept in the law court. 65 S. W. 337; 55 S. W. 548; 32 S. W. 599. Appellant's non-residence does not invest her with privileges that a citizen could not have. 21 Wall. 503; 40 Fed. 774; 47 Fed. 782.

FRAUENTHAL, J. This was an action of ejectment instituted by appellant to recover a tract of land in St. Francis County, Arkansas. The appellant claimed title to the land by mesne conveyances back to one who in 1838 had purchased the land and obtained a patent therefor from the United States. The

appellees claimed title thereto under a deed executed by a commissioner of the St. Francis Chancery Court in pursuance of a decree of said court subjecting said land to sale for the nonpayment of levee taxes. The appellees objected to the patent and certain deeds upon which appellant founds her title, upon the ground that the description of the land in said patent and deeds is so imperfect as to render them ineffective to convey the land. We will, however, first determine whether or not the commissioner's deed and decree under which appellees claim title to the land are valid; for, if they are, they would be effective against the title asserted by appellant, even if the conveyances under which she claims are operative and valid.

The decree condemning the land to be sold for the nonpayment of levee taxes was rendered on December 15, 1897, at a regular term of the St. Francis Chancery Court. The suit upon which the decree is based was brought under and by virtue of the provisions of the act of the Legislature approved April 2, 1895, amendatory of the act of the Legislature of February 15, 1893, creating the St. Francis Levee District. Acts 1893, p. 24; Acts 1895, p. 88. These acts of the Legislature make the lands situated in said St. Francis Levee District subject to levee taxes, and provide that the payment thereof shall be enforced against the lands by suit, and that "said suit shall be conducted in accordance with the practice and proceedings of chancery courts in this State." The land involved in this litigation was situated in said St. Francis Levee District, and was subject to the payment of levee taxes. At the time of the institution of the suit for the enforcement of said levee taxes and up to the bringing of this ejectment suit the appellant, who claims to have been the owner of the land during all that time, was a nonresident of the State, and had no actual knowledge of said suit or the proceedings thereunder. It is provided by said acts of the Legislature that notice of the pendency of an action for the enforcement of the collection of levee taxes shall be given to nonresident owners by publication thereof in some newspaper published in the county in which the suit is pending for four weeks prior to the day of the term of court on which final judgment may be entered for the sale of the land. The act further provides that "said proceedings and judgment shall be in the nature of proceedings *in rem,* and it shall

be immaterial that the ownership of said lands may be incorrectly alleged in said proceedings; and said judgment may be enforced wholly against said land and not against any other property or estate of said defendant. All or any part of said delinquent lands for each of said counties may be included in one suit for each county, instituted for the collection of said delinquent taxes, etc., as aforesaid, and all delinquent owners of said lands, including those unknown as aforesaid, may be included in said one suit as defendants." 'The act further provides: "At any time within three years after the rendition of the final decree of the chancery court herein provided for, the owner of the lands may file his petition in the court rendering the decree alleging the payment of the taxes on said lands for the year for which they were sold, and upon the establishment of that fact the court shall vacate and set aside said decree."

The land herein was proceeded against in said suit as being owned by a nonresident, and was noted in the complaint as owned by the Memphis Land & Timber Company. The appellant, A. H. Pattison, who claims that she was then the owner of the land, was not in name made a party to said suit, but as above stated she was a nonresident. Notice of the pendency of the suit against said land was made and published in the manner and for the time prescribed, and the decree recites that such notice was given as required by the statute. It also finds that the levee taxes on said land for the years of 1895 and 1896 were due and unpaid, and renders judgment for the amount thereof against said land and orders the sale thereof.

It is conceded that the sale of said land under said decree and the confirmation thereof was made in manner prescribed by law. But it is urged that the decree and sale thereunder are void for the reason that appellant had paid the levee taxes on said land for the said years of 1895 and 1896, and because the land was owned by appellant, who was not named as a party defendant in said suit enforcing said taxes.

The St. Francis Chancery Court acquired jurisdiction over the subject-matter of enforcing the payment of levee taxes, which were alleged to be due and unpaid upon the land involved in this suit, by virtue of the said acts of the Legislature, and that jurisdiction became complete when it gave the notice of the

pendency of the suit in the manner provided by the act. The land was owned by a nonresident, and the chancery court found, and its decree recites, that published notice was given as required by the statute. This finding and recital of the decree is conclusive upon a collateral proceeding. *McLain* v. *Duncan*, 57 Ark. 49; *McConnell* v. *Day*, 61 Ark. 464; *Porter* v. *Dooley*, 66 Ark. 1; *Porter* v. *Tallman*, 68 Ark. 211; *Palmer* v. *Ozark Land Co.*, 74 Ark. 253.

The act provides that "it shall be immaterial that the ownership of said lands may be incorrectly alleged in said proceedings," and that the suit and decree shall be in the nature of proceedings *in rem*. It does not require that the true owner be named as a party to the suit; but only provides that the notice of the pendency of the suit as to the land, if it shall belong to a nonresident, shall be published for the time and in the manner therein named. The land involved in this suit was owned by a nonresident, and notice of the pendency of the suit was published as required by the statute. This was sufficient, and gave the court complete jurisdiction; and its decree is not subject to collateral attack because the appellant who may have been the owner of the land was not named as a party defendant to that suit. This very question was decided by this court and to that effect in the case of *Ballard* v. *Hunter*, 74 Ark. 174. That case was taken to the Supreme Court of the United States and by that court affirmed. *Ballard* v. *Hunter*, 204 U. S. 241.

The St. Francis Chancery Court by virtue of said suit and notice acquired jurisdiction over the land involved in this action and the matter of enforcing the levee taxes against it which were alleged to be unpaid. In order to give it jurisdiction, it was not necessary that the taxes on the land should actually have been unpaid. The question as to whether or not the taxes on the land were delinquent was but an issue in the tax suit upon which the court passed. The essential steps to give it jurisdiction to pass upon that question had been taken. Its jurisdiction was as complete and effective as if it had secured personal service of process upon the owner of the land. And "a judgment rendered upon constructive service of process, the requirements of the statute having been complied with, is as much protected against collateral attack as one rendered upon personal service of process." The determination of every issue by the court,

having thus acquired jurisdiction in a proceeding *in rem,* is conclusive upon all persons who have or claim any right or interest in the subject-matter. The question as to the payment or nonpayment of the taxes is one of the very issues that the court passed on, and when it made its finding on that question it became conclusive upon collateral impeachment. In the case of *McCarter* v. *Neil,* 50 Ark. 188, this principle was enforced. A decree had been rendered upon constructive service of process subjecting certain land to the payment of taxes under what is known as the "overdue tax law." The decree was attacked by the owner of the land upon the ground that the taxes on the land for the very year for which it was sold under the decree had been actually paid. In that case this court said: "Such being the essential nature of tax suit provided for by the overdue tax law, the jurisdiction of the court as to a particular tract was not affected by the fact that the taxes upon that tract had previously been paid. And, since the objection does not go to the jurisdiction, the decree of the court condemning the land to sale is, so long as it stands unreversed and not vacated or set aside, conclusive upon the point that taxes were due."

The same ruling has been made several times by this court in cases where decrees for the enforcement of taxes have been attempted to be impeached collaterally by endeavoring to show the actual payment of the taxes for which the lands were condemned. *Williamson* v. *Mimms,* 49 Ark. 336; *Doyle* v. *Martin,* 55 Ark. 37; *Burcham* v. *Terry,* 55 Ark. 398; *Jefferson Land Co.* v. *Grace,* 57 Ark. 423.

In one of her pleadings the appellant alleged that the above decree was obtained by fraud, and asked that this cause be transferred to the chancery court for the purpose of setting aside said decree on the ground that it was obtained by fraud. But the only allegation of fraud, made in the pleading, was that the decree was founded upon the nonpayment of the levee taxes, and that the same were not actually delinquent but had been paid. It was therefore, in effect, an impeachment of the decree relative to a question of fact upon which the court had made a finding; and not such an allegation of fraud practiced upon the court in the procurement of the decree for which the decree could be set aside. As is said in the case of *Bank of Pine Bluff* v. *Levi,* 90 Ark. 166: "Such a decree is in effect the

judgment of a superior court, which may be set aside on appeal, but the validity of which cannot be attacked except on account of fraud. But the fraud which entitles a party to impeach a judgment must be a fraud extrinsic of the matter tried in the cause. It must not consist of any false or fraudulent act or testimony the truth of which was or might have been in issue in the proceeding before the court which resulted in the judgment that is thus assailed. It must be a fraud practiced upon the court in the procurement of the judgment." The court did not err in refusing to transfer the cause to the chancery court.

We are therefore of the opinion that the decree made in the suit for the enforcement of the levee taxes upon the land involved in this litigation is valid, and that the sale made thereunder is effective. It follows that the decree of the lower court upon the whole case is correct.

The decree is affirmed.