## NELMS *v.* ORNE.

Opinion delivered June 5, 1916.

TAX SALES—SUIT TO CONDEMN—SERVICE UPON MINOR.—An action to condemn lands for non-payment of levee taxes, brought under Act 19, p. 24, Acts 1893, as amended by Act 71, p. 88, Acts 1895, is in the nature of a proceeding *in rem*, and personal service upon an infant land owner or his natural or statutory guardian is not necessary.

Appeal from Crittenden Chancery Court; *Chas. D. Frierson,* Chancellor; affirmed.

### STATEMENT BY THE COURT.

This suit involves the title to a certain tract of land in Crittenden County, Arkansas. In January, 1891, J. F. Earle, who owned the land, died and the title to the land descended to his only children Ben R. and Ruth. They were nonresidents of Crittenden County. In 1903 Ben conveyed his undivided interest to his sister, Ruth Earle (now Nelms).

A suit was brought July 1, 1895, by the board of directors of the St. Francis Levee District against the Arkansas Land & Timber Company and others under the Levee Act of 1893, as amended by the Act of 1895, to enforce the payment of the levee taxes for the years 1893 and 1894. The land was proceeded against as the property of Julia Miller (now Orne), who was served with summons. There was also a warning order duly issued, in which the land was described as the property of Julia Miller.

Ben Earle reached his majority December 11, 1891, and Ruth Earle reached her majority May 31, 1901. She was married April, 1904, to one Nelms.

Ben and Ruth Earle, in the tax suit above mentioned, were constructively summoned. Ruth Earle at that time was a minor fourteen years of age. C. L. Lewis was her guardian, and he was made a party in his individual capacity to the tax suit and personally served with process. He was not, however, served as guardian or as guardian of Ruth Earle, a minor.

A decree was rendered in the suit to enforce the levee taxes condemning the land to be sold and sale was made to the St. Francis Levee District on July 21, 1896, and the deed to the district was duly executed and confirmed.

On October 19, 1899, the levee district executed its deed to Julia Miller (now Orne). She was in possession of the land in July, 1898, and since that time has

been in the actual, adverse, exclusive, hostile, open and notorious possession of the land.

On November 24, 1902, Ruth Earle (now Nelms) brought suit in the Crittenden chancery court against W. M. Brown, *et al.* Julia Orne was made a party, and in that suit Ruth Earle (now Nelms) sought to recover the lands now in controversy. On motion of Julia Miller the case was severed as to her and that branch of the case ordered to the law court on September 29, 1905. The case did not appear on the docket in the law court during the years 1905, 1906, 1907 and 1908. At the November term, 1909, an entry appears on the docket of the law court as follows: "No. 1049. Ruth Earle Nelms v. Julia Orne."

On December 30, 1909, the complaint now before the court was filed. No summons was issued, but the appellee filed her answer. The case was by consent transferred to chancery court on April 21, 1910.

The court, on this agreed statement of facts, entered a decree dismissing appellant's complaint for want of equity, from which this appeal has been duly prosecuted.

*Allen Hughes* and *B. J. Semmes,* for appellant.

1. There was no abandonment of the suit by appellant. 1 Corpus Juris., 1169, 1170.

2. The sale for taxes was void even on collateral attack. Appellant was a minor and no service was had upon her or her guardian. Kirby's Digest, § 6049; 11 S. W. 438; 15 *Id.* 1025; 101 Ark. 309. The court obtained no jurisdiction either of the land or person.

*W. W. Hughes,* for appellee.

1. The proceeding was *in rem.* Personal service is only required where the owner is in the county, or there is an occupant of the land. Neither was the case here. The warning order was duly published and this gave the court jurisdiction. 74 Ark. 174; 94 *Id.* 588; 101 *Id.* 390. Kirby's Dig., § 6049 does not apply. Nor do 11 S. W. 438 and 15 *Id.* 1025. See 74 Ark. 174 and 94 *Id.* 588.

2. Infants are not excepted from the act. The courts can make no exceptions. 46 Ark. 25; 53 *Id.* 418; 79 *Id.* 1; 86 *Id.* 368; 108 *Id.* 219. Appellant is barred.

Wood, J., (after stating the facts). It appears from the agreed statement of facts that the appellee was in possession of the land in suit and claiming title thereto under a decree of the chancery court of Crittenden County condemning the land to be sold for delinquent levee taxes. The suit by the appellant was a collateral attack on that decree. She contends that inasmuch as she was a minor under fourteen years of age and a non-resident, and that inasmuch as her guardian, who was a resident, was not made a party to the suit as her guardian and served as such, that the court by the order of publication acquired no jurisdiction to condemn her lands, and that the sale was therefore void. She admits that she has no title to the part conveyed to her by her brother.

The suit to condemn the land for levee taxes was brought under the Act of 1895,* amending the Act of 1893.† This court in several cases has construed that act, holding that the proceedings were in the nature of proceedings *in rem,* and that where a decree is rendered upon a complaint properly describing the lands and where the nonresident land owners are constructively served, by warning order as prescribed by the statute, in which the lands are properly described, the court has jurisdiction to enter a decree condemning the lands to be sold for the delinquent levee taxes.

In *Crittenden Lumber Co.* v. *McDougal,* 101 Ark. 390, we said: "By such notice, all nonresident persons having an interest in the land are warned of the pendency of the suit and are concluded thereby, whether they are made parties to the suit or not. It is, therefore, not necessary to name the true owner, in event he is a non-

---

*Act. 71, p. 88, Acts 1895.

†Act 19, p. 24, Acts 1893. (Rep.)

resident, either in the complaint or in the notice, and the decree entered upon such notice is not open to collateral attack by reason of the failure to name the true owner either in the notice or to make him a party to the suit. Notice is sufficiently given to every one who is a nonresident and has any interest in the land by the description of the land which is proceeded against, and which is set out in such notice."

And further on in the same case, speaking of the service by publication, we say: "If the land is duly described in such published notice or warning order, it is sufficient to give the court jurisdiction over all non-resident persons who have any claim whatsoever in said land, although it is noted as belonging to one who actually has no interest therein, in event such land is actually owned by a nonresident." See also *Ballard* v. *Hunter,* 74 Ark. 174; *Pattison* v. *Smith,* 94 Ark. 588.

But appellant contends that these cases have no application for the reason that the complaining nonresident land owners in those cases were adults, and that inasmuch as appellant was a minor under the age of fourteen years she had to be served under the provisions of section 6049 of Kirby's Digest, which provides:

"Where the defendant is an infant under the age of fourteen years, the service must be upon him, and upon his father or guardian, or, if neither of these can be found, then upon his mother, or upon any other person having the care or control of the infant, or with whom he lives. Where the infant is over fourteen years of age, service on him shall be sufficient."

But the acts under which the land in controversy was condemned are all comprehensive, and, as construed by the court, the notice there prescribed was to be the only method of service upon nonresident land owners. The statute makes **no exception** as to infants and the courts can make none. As it is in the nature of a proceeding *in rem,* no reason is perceived why personal service should be had upon the infant or his natural or

statutory guardian. Section 6049, *supra,* has no application here, and this case is ruled by the above cases.

While the agreed statement shows that appellant had a guardian who was a resident of Crittenden County, it does not show that the lands were occupied by him. He was made a party to the suit as an individual, presumably for the reason that he was also an owner of some of the lands sought to be condemned.

The decree of the chancery court being correct on the merits, we pretermit a discussion of the question as to whether there had been an abandonment of the suit by the appellant.

The decree is therefore affirmed.